## THOMAS GLEASON AND ELIZABETH M. GLEASON
### v.
## AARON M. McKAY.

*Agency—Sale of Real Estate—Commissions—Recovery of—Evidence—Instructions—Practice.*

A principal can not, in the midst of negotiations which the efforts of his agent have set in motion, and which result in a sale of real estate, withdraw the agency from the broker and thereby deprive him of his commission.

[Opinion filed December 11, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding.

Mr. C. B. EYER, for appellants.

Mr. M. SALOMON, for appellee.

*Per Curiam.* This is an appeal from a judgment for $231.75, recovered by appellee against appellants for commission for the sale of certain real estate belonging to said appellant Elizabeth M. Gleason.

Thomas Gleason, the husband of Elizabeth, placed the property in the hands of appellee to sell, and appellee called the attention of the person who subsequently purchased the property to it, and caused him to go and look at it. Thomas Gleason did not state when he gave appellee a description of the property that it belonged to his wife. After negotiations by the purchaser had commenced, said Thomas Gleason sent a notice to appellee, withdrawing the property from sale. We have considered the points urged for the reversal of the judgment, and find none of them well taken. The complaint made that the court did not give appellants' instruction relating to Gleason's right to withdraw the property from sale by appellee, is not well founded. The principal can not, while in the very midst of a negotiation which the efforts of the

agent has set in motion, and which results in a *sale* of the property, withdraw the agency from the broker and thereby deprive him of his commission.

It is urged that if Gleason was the agent of his wife, they could not be jointly liable for the commissions.   This question of the joint liability was not raised in any appropriate manner in the court below.   Plaintiff was not bound to prove a joint contract in the first instance, but the jury were authorized to find a joint liability from the evidence introduced on his behalf.

If appellants desired to raise the question of joint liability on their proof, an instruction should have been asked on the points

We think the judgment right on the merits; we are not disposed to regard minute technicalities.

There is no error and the judgment must be affirmed.

*Judgment affirmed.*