### R. Hollingsworth v. Young County.

Decided November 18, 1905.

**1.—Sale of County School Lands—Agent—Commissions.**

Where the plaintiff had been appointed by a County Commissioners' Court to survey and subdivide at his own expense the school lands belonging to said county and to sell the same at an agreed commission, and after the work had been performed by the plaintiff, by agreement between the plaintiff and the Commissioners' Court the land was withdrawn from the market and leased for a period of eleven years, and after the termination of said term the court cancelled the contract with plaintiff and sold the land itself, the plaintiff was entitled to his commission on such sale.

**2.—Same—Limitation.**

Plaintiff's claim was not barred by limitation, since the withdrawal of the lands from sale was by mutual consent and a mere modification of the original contract.

ON REHEARING.

**3.—Revocable Contract—Reasonable Time to Perform—Limitation.**

The power given the plaintiff to sell the county school land by the contract with the Commissioners' Court was not a power coupled with an interest, and was therefore revocable by the court. Such was the effect of the order withdrawing the land from sale and leasing the same. Plaintiff's suit, filed eleven years after said order, was therefore barred by limitation. At most, plaintiff was entitled to only a reasonable time to sell the land.

Error from the District Court of Young County. Tried below before Hon. A. H. Carrigan.

*R. F. Arnold,* for plaintiff in error.—The contract between plaintiff and defendant, to subdivide, locate and classify the Young County school lands, was a legal and valid contract, full power and authority being conferred by law upon said court to make the same. Dallas County v. Club Land & C. Co., 95 Texas, 208; Club Land & C. Co. v. Dallas County, 26 Texas Civ. App., 449; Palo Pinto County v. Gano, 60 Texas, 249.

A legal, valid and binding contract having been entered into between plaintiff and defendant for the surveying and classification of the school lands in 1890, the Commissioners' Court by order made at the December term, 1903, could not annul such contract. Polly v. Hopkins, 74 Texas, 148.

*Jo. W. Akin, P. A. Martin* and *C. W. Johnson,* for defendant in error. —The plaintiff in error had no such interest in the subject matter of the contract that precluded the Commissioners' Court from revoking the agency. Daugherty v. Moon, 59 Texas, 399; Neal v. Lehman, 11 Texas Civ. App., 461; Tinsley v. Dowell, 87 Texas, 29, 30, 31.

The Commissioners' Court that created the agency of plaintiff · in error for the sale of school lands, were without authority in law to establish an irrevocable agency continuing beyond the official term of the court. Brenham v. Brenham Water Co., 67 Texas, 560.

STEPHENS, Associate Justice.—At the February term, 1890, of the Commissioners' Court of Young County the following order was made: "R. Hollingsworth is hereby appointed agent for the Young County school land in Baylor County, and that he is to survey the land into tracts as the court may see proper, same to be to the best interest of the county in the sale of the said land, and no tract to be less than 160 acres. All of the expense of the surveying to be done at the expense of the said Hollingsworth, and for the faithful performance of the work that he be required to execute a bond of $1,000, and that he shall be allowed 5 percent on all lands sold." Accepting this appointment, R. Hollingsworth went to Baylor County and surveyed, subdivided and classified 9,157 acres of land situated in that county, being school lands of Young County, doing the work in about 60 days and paying out $400 for expenses. At the April term, 1890, he made report of this work to the Commissioners' Court, and thereafter acted as agent for the county (selling a portion of said lands and receiving as commissions on said sales the sum of $609) until the May term, 1892, when the Commissioners' Court took the lands off the market and leased them for eleven years. Hollingsworth was notified of this action and acquiesced therein. At the December term, 1903, an order was entered cancelling all previous appointments of agents to sell the school lands of Young County, and authorizing the county judge to sell the same to W. T. Waggoner at $3.80 per acre, in pursuance of which a conveyance was made to him.

This suit was brought to recover commissions of 5 percent on the gross amount of this sale, less a credit of $609, the Commissioners' Court having previously rejected the claim, and from a judgment of the District Court also denying the claim this appeal is prosecuted.

The order providing for the subdivision and classification of the Young County school lands and allowing a commission of 5 percent for selling the same, was a valid order and entitled Hollingsworth, on complying with its terms, to be compensated for his services out of the general revenues of the county. See Dallas County v. Club Land & Cattle Co., 95 Texas, 200, for a discussion of this question.

This claim was not barred by limitation when suit was brought, April 4, 1905, since, even according to the allegations of the answer of Young County, the temporary withdrawal of the lands from sale for eleven years was acquiesced in by Hollingsworth on receiving notice from the county. In other words, as we interpret the record, this action on the part of the county, which might otherwise have amounted to a repudiation of the contract with Hollingsworth, was by mutual consent a mere modification of the original contract.

It follows from these conclusions that Hollingsworth was entitled to a judgment for the amount of his claim, less the admitted credit, and the judgment will consequently be reversed and here so rendered.

*Reversed and rendered.*

### ON MOTION FOR REHEARING.

We have concluded that the record did not warrant the construction given it in the original opinion to the effect that the contract of employment, as shown by the order made at February term, 1890, was merely suspended by the order taking the land off the market made at the May term, 1892. We are now of the opinion that the employment to survey and sell the school lands of Young County provided for in the first order was terminated by the second order made two years later. The most that can be claimed for the original contract of employment is that it entitled defendant in error to a reasonable opportunity to sell the lands and thus obtain compensation for the labor and expense of surveying and subdividing the same; for it seems to be well settled by the authorities that the power given him to sell was not a power coupled with an interest so as to render it irrevocable. If a period of two years was not a reasonable time for the accomplishment of the purpose of the employment, defendant in error failed to show that fact, and thus failed to make out his case, the burden being on him to show that Young County had acted unfairly in terminating his employment without giving him reasonable opportunity to earn compensation for what he had undertaken to do and had in part done under that employment. But if he had shown that in taking the land off the market at the May term 1892 Young County unjustly deprived him of the opportunity to earn the commissions provided for in the order entered at the February term 1890, his cause of action was barred by limitation when this suit was brought May 17, 1904.

The rehearing sought is therefore granted and the judgment affirmed on the conclusions heretofore filed, modified as above indicated.

*Motion granted and judgment affirmed.*

Writ of error refused.