BYERS et al. v. CHATFIELD.

(Court of Civil Appeals of Texas. Galveston. Feb. 13, 1914. Rehearing Denied March 12, 1914.)

PRINCIPAL AND AGENT (§ 34*)—POWER OF ATTORNEY—CANCELLATION—CONSIDERATION.

The instrument executed by plaintiff, appointing defendants his agents and attorneys in fact, authorizing them to enter on, sell, and convey his tract of land or any part of it, and for this purpose to subdivide it, and lay out and dedicate roads through it, and to institute any necessary suits for possession, all at their own expense, they for all such services to be paid a commission on sales, is more than a naked power of attorney, so that they having accepted its terms, and performed obligations imposed by subdividing the land and laying out and constructing roads, and proceeding to make sales, it becomes a contract binding on plaintiff, and so may not be canceled on the ground of want of consideration; though it may be revoked after defendants have had a reasonable time to sell.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 55; Dec. Dig. § 34.*]

Appeal from District Court, Brazoria County; Samuel J. Styles, Judge.

Suit by Norman Chatfield, Sr., against George A. Byers and another for cancellation of a power of attorney. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Byers & Jackson, of Alvin, for appellants. Louis J. Wilson, of Angleton, for appellee.

McMEANS, J. On January 16, 1911, Norman Chatfield, Sr., was the owner of 500 acres of land in Brazoria county, and on that date he executed and delivered to George A. Byers and J. S. Jackson a power of attorney, by the terms of which he appointed said Byers and Jackson his agents and attorneys in fact, authorizing them to enter upon the tract and sell and convey the same or any part thereof, and for this purpose to divide the tract into such parcels as the agents might deem proper, to lay out and dedicate roads through the same, and to convey the same for any sum of money not less than forty dollars per acre; to receive the consideration therefor and to execute deeds to the purchasers thereof in the name of the owner; and to institute such suit or suits for the recovery of the possession thereof as might be necessary. The instrument contained the further agreement as follows: "It being fully agreed and understood that in compensation for the services of said attorneys in and about the work and labor done and to be performed by them, the said J. S. Jackson and Geo. A. Byers in and about the handling, management and sale of my said property, that I am to pay them a commission of five per cent. on the said price of forty dollars per acre hereinbefore stipulated as the lowest price at which they are to sell or make sales of said property; and I further agree, and hereby give, grant and convey unto said J. S. Jackson and Geo. A. Byers all amounts in excess of forty dollars per acre for which they, may sell the above-described land, whether sold in bulk, or subdivided; it being fully understood that said Geo. A. Byers and J. S. Jackson have full power and authority to employ such agent or agents as they may see fit in connection with the subdivision and sale of said land, and that said J. S. Jackson and Geo. A. Byers are to pay any and all expenses connected with the subdivision and sale of said properties, and will do and perform any and all such legal work as may be necessary in and about the bringing of such suit or suits as may be necessary to clear the title to said land, if found defective, and also to defend such suit or suits as may be brought against it during the time it is owned by me; and to secure the payment of said fees and commissions, I hereby grant, bargain, sell and convey unto said J. S. Jackson and Geo. A. Byers a five per cent. interest in and to the above-described tract of land and I hereby fix a lien upon said property in favor of said Geo. A. Byers and J. S. Jackson to secure the payment of any and all sums over and above the price herein agreed upon of forty dollars per acre for which they, or the agent or agents employed by them, may sell said land or any portion thereof."

The instrument concluded as follows: "To have and to hold the above-described five per cent. interest in said land to the said J. S. Jackson and Geo. A. Byers, their heirs and assigns forever. And I hereby bind myself, my heirs, executors and administrators to warrant and forever defend, all and singular, the said five per cent. interest in the above-described land unto the said Geo. A. Byers and J. S. Jackson, their heirs and assigns forever, against every person whomsoever lawfully claiming or to claim the same or any part thereof."

Acting under this power, Byers and Jackson entered upon the land and caused it to be surveyed and subdivided without expense to Chatfield, caused a road to be laid out and graded through the tract, and procured the execution of releases of two vendor's liens upon the land and had them recorded, and sold 200 acres of the 500-acre tract, and accounted to Chatfield for the proceeds, and in good faith made efforts to sell the remainder.

In January, 1912, Chatfield, becoming dissatisfied with his arrangement with Byers and Jackson, notified them that he did not desire them to longer act as his agents and attorneys in fact, and on February 12, 1912, he executed and filed for record in the county clerk's office of Brazoria county a revocation of the power of attorney he had theretofore executed to Byers and Jackson, and thereby attempted to cancel all the rights and privileges theretofore exercised and claimed by them thereunder. On June 21, 1912, Chatfield filed this suit against Byers and Jackson, to remove cloud and quiet his title to 300 acres of the land, which was the balance remaining after the sale by Byers and Jackson of 200 acres, alleging that he was informed that the latter were asserting pretended rights and title to, or lien upon, the land or some part thereof under an alleged instrument dated January 16, 1911 (which was the power of attorney before mentioned), and further alleging that if he ever executed said instrument he did so without fully understanding its contents, and charged fraud and misrepresentation on the part of Byers and Jackson in procuring the execution thereof by him; that he did not intend to convey to appellants any interest in the land or to give them any lien thereon; and that, if said instrument conveyed to them any interest therein or gave them any lien thereon, the same was without consideration.

The case was tried before the court without a jury, and upon the conclusion of the evidence the court rendered a judgment in favor of plaintiff, Chatfield, quieting him in the title and possession of the remaining 300 acres of the tract, and adjudging that Byers and Jackson have no estate, title, or interest in or lien upon the same by virtue of said power of attorney, and specially decreeing that the power of attorney be revoked and canceled, and that all clouds cast upon plaintiff's land by the claims, rights, titles, and lien asserted by defendants thereto under said power of attorney be removed. From this judgment the defendants Byers and Jackson have appealed.

The trial judge upon proper request filed

his findings of fact, and therein found against plaintiff on the issue of fraud of Byers and Jackson in procuring the power of attorney, but found that there was no consideration for the execution of the power of attorney. He further found that, at the time of the execution and filing by plaintiff of the attempted revocation of the power of attorney, he was not indebted to Byers and Jackson for fees or commissions due them for any service rendered under the power of attorney.

We will not discuss appellants' assignments of error in detail. The court having found against appellee on the allegation of fraud of Byers and Jackson in procuring the execution of the power of attorney (and this finding is amply sustained by the evidence), that issue is eliminated. Having found for appellee on the issue of want of consideration only, we must look to the evidence to determine whether the finding was warranted. By accepting the power of attorney appellants impliedly agreed to take upon themselves and to perform all the obligations required of them by its terms. Some of these were that appellants should enter upon the land and take possession thereof and without expense to appellee subdivide the land and record plats thereof in Brazoria county, and to dedicate a road or roads thereover. Soon after the execution and delivery of the power of attorney, Byers and Jackson entered into a contract with George W. Sheffield, whereby the latter contracted to survey the land and subdivide it and make a plat of such subdivision and to place the same on record, and also to lay out and grade a road on the land, and Byers and Jackson, to compensate him therefor, agreed to give him a part of the money derived by them as commissions from the sale of the land. Acting under this contract, Sheffield, without expense to plaintiff, surveyed, subdivided, and platted the land and laid out a road 1¾ miles long on the land and had the same graded at the cost to himself of $108. These acts were caused to be performed by Byers and Jackson in fulfillment of the stipulations of the power of attorney above referred to; and we think the agreement to perform the stipulations which must be implied by their acceptance of the power of attorney which contained them, and the performance of the same thereafter by them, was a sufficient consideration for the execution and delivery of the power of attorney. As before shown, appellee sought the cancellation of the power of attorney on two grounds only—one being the alleged fraud of Byers and Jackson in procuring its execution and the other want of consideration—and as the court found in favor of appellants on the first ground and against him on the second, its judgment was, of course, based on the latter. It seems to us that ap-

pellee had no right of cancellation on this ground because a sufficient consideration was shown.

The instrument was more than a naked power of attorney, and when Byers and Jackson accepted its terms and performed the obligations imposed upon them it became a contract binding upon the grantor. We will not say that it was one that could never be revoked by the grantor, but, as no limit was therein fixed of the time in which the grantees should exercise the powers and receive the benefits therein stipulated, Byers and Jackson, after the performance by them of their part of the contract, were entitled to a reasonable opportunity to sell the land and thus obtain compensation for the labor and expense of surveying and subdividing the same and laying out and grading the road. Hollingsworth v. Young County, 40 Tex. Civ. App. 590, 91 S. W. 1094.

What would be a reasonable opportunity is a question of fact to be determined by the court or jury from all the facts and circumstances. But we think it is clear that under the facts of this case appellee was not entitled to a cancellation of the power of attorney on the ground of want of consideration, and for this reason the judgment of the court below is reversed, and judgment is here rendered that appellee take nothing by this suit.

Reversed and rendered.