POPPLEWELL v. BUCHANAN et al.
(No. 8880.)

(Court of Civil Appeals of Texas. Ft. Worth. June 1, 1918. On Rehearing, June 29, 1918.)

1. BROKERS ⊚⟿46 — COMMISSIONS — SALE BY OWNER.

Owner cannot by selling the property himself escape liability to the agent for commissions which he could have earned by selling the property within the time for which exclusive agency was given.

2. BROKERS ⊚⟿86(5) — ACTIONS FOR COMMISSION—EVIDENCE—SUFFICIENCY.

Evidence held to sustain a finding that the broker had procured a purchaser ready, willing,

and able to buy for the price and terms authorized.

3. BROKERS ⊚⟿66 — RIGHT TO COMMISSION — ASSIGNMENT OF SALES CONTRACT.

The fact that a broker holding an exclusive sales contract has employed another to aid him in consideration of a share of the commission and has assigned a half interest in the contract to him does not defeat his right of action for the commission, especially where the owner makes no objection thereto.

4. EVIDENCE ⊚⟿398—PAROL EVIDENCE.

Evidence that at the time a broker's written contract of employment was executed the owner had informed him that he was then negotiating a sale himself was properly excluded as contradicting a written instrument.

Appeal from District Court, Tarrant County; Ben M. Terrell, Judge.

Action by J. W. Buchanan and another against J. M. Popplewell. From a judgment for plaintiffs, defendant appeals. Affirmed, and rehearing denied.

C. C. Cummings, R. C. Fuller, and J. Y. Cummings, all of Ft. Worth, for appellant. Lee, Lomax & Smith, of Ft. Worth, for appellees.

DUNKLIN, J. J. M. Popplewell executed and delivered to J. W. Buchanan, a real estate broker, a contract by the terms of which Buchanan was employed as Popplewell's agent to negotiate the sale of a tract of land owned by Popplewell. Buchanan assigned to Brown Harwood one-half of his interest in the contract. This suit was instituted by Buchanan and Harwood to recover of Popplewell damages for an alleged breach of the contract of employment. Upon the trial Buchanan took a nonsuit, after which the trial was prosecuted by Harwood, without any objection on the part of Popplewell that there was then a lack of a necessary party plaintiff in Buchanan, and a judgment was rendered in Harwood's favor for one-half the commissions claimed. From that judgment Popplewell has appealed.

The contract of employment was as follows:

"This contract made and entered into by and between J. M. Popplewell, of Tarrant county, Texas, hereinafter called party of the first part, and J. Wallace Buchanan, of Tarrant county, Texas, hereinafter called party of the second part, witnesseth: For and in consideration of the sum of one dollar cash in hand paid to party of the first part by party of the second part, receipt of which is hereby acknowledged, and for other good and valuable considerations, party of the first part hereby grants to party of the second part, solely, the exclusive right of sale, as agent, on the following described property, for six months: Situated in Tarrant county, Texas, and being part of the Simon Akers survey of 320 acres, and part of the Thomas Akers survey of 320 acres, said tract containing 363½ acres of land, and being fully described in deed of trust executed by party of the first part in favor of Union Central Life Insurance Company of Cincinnati, dated May 1, 1915, and recorded in Deed of Trust Records of Tarrant County, Texas, vol. 130, p. 410. Party of the second part is to sell said land for a price of

not less than sixty dollars per acre, purchaser to assume the incumbrance on said land of nine thousand dollars, covered by above-mentioned deed of trust in favor of Union Central Life Insurance Company, dated ·May 1, 1915, due ten years after date; the balance to be paid as follows: One-third cash and the balance of said equity to be arranged to suit purchaser running for a term of one to five years, at 8 per cent. interest. In the event party of the second part sells above-described property according to the terms of this contract within six months from the date hereof, the time this contract is to remain in force and effect, then party of the first part agrees to pay to party of the second part a commission of 5 per cent. of the sale price of said land, said commission to be paid in cash upon consummation of said sale.

"Witness our hands in duplicate this 9th day of May, A. D. 1916.

"J. M. Popplewell,
"Party of the First Part.
"J. W. Buchanan,
"Party of the Second Part."

On June 24, 1916, Buchanan found a proposed purchaser of the land in one T. H. Skaggs, and secured from him a written contract to buy the property for $60 per acre, Skaggs agreeing to assume the outstanding incumbrance against the land mentioned in Popplewell's contract of employment of Buchanan set out above and to pay the balance of the purchase price one-third cash and the rest in five equal installments, in one, two, three, four, and five years after date, with interest thereon at the rate of 8 per cent. per annum. On the same date Skaggs executed that contract, Popplewell sold the land to a man by the name of Jones with whom he was negotiating at the time he gave the contract to Buchanan. Neither Buchanan nor Harwood was in any manner instrumental in bringing about the sale to Jones.

The $9,000 incumbrance on the land mentioned in Popplewell's contract with Buchanan was a loan which was secured for Popplewell by Buchanan. After the execution of the contract of employment and before Popplewell sold the land to Jones an interest installment of $700 upon that loan fell due and Popplewell was unable to pay it. Thereupon Buchanan procured the money with which to meet the installment by taking Popplewell's note to him (Buchanan), secured by a second mortgage upon the land and by transferring the note with his indorsement thereon to Harwood. One of the principal inducements to Harwood to make this loan was the transfer to him by Buchanan of a half interest in the latter's contract of employment with Popplewell made the basis of this suit, and the undisputed evidence shows that Popplewell knew of such transfer before he sold the land to Jones, and that he made no objection thereto. The proof shows further that before Popplewell executed his written contract of sale to Jones he was notified over the telephone by Buchanan that the latter had sold the land to Skaggs, but according to the testimony of Popplewell he at that time had already reached a parol agreement with Jones to sell the land, and was then in the act of reducing that agreement to writing. The record shows further that the authority given Buchanan to sell the land was revoked in no other manner than by the sale to Jones; in other words, no contention was made by Popplewell that the termination of Buchanan's agency to sell the land was due to any fault or failure on the part of Buchanan to properly discharge his duties as such agent, except that in Popplewell's motion for a new trial, as one of the grounds urged, which is the first assignment of error here, he insisted that the court erred in overruling his general demurrer to plaintiff's petition because the transfer of a part interest in the contract of agency to Harwood was itself a breach of the contract of agency. But that contention so urged in the motion for a new trial was predicated upon the action of the trial judge in overruling the general demurrer to plaintiff's petition. The general demurrer was as follows:

"He (defendant) demurs to each and every allegation in said petition contained, and says that the same and each of the same are insufficient in law to constitute and do not constitute cause of action against this defendant, and of this he prays the judgment of the court."

Appellant insists further that the contract which he gave to Buchanan did not preclude him from the right to sell the property himself without incurring liability to Buchanan, and that the contract of employment of Buchanan involved personal confidence reposed in him which could not be delegated to another agent in the absence of some express power of substitution. It will be noted that the contract of employment in very specific terms authorizes and empowers Buchanan to sell the property during a period of six months from the date of the instrument, and the instrument contains no stipulation exempting Popplewell from the payment of a commission in the event he should himself sell the property within that period.

In the case of Hancock v. Stacy, 103 Tex. 219, 125 S. W. 884, the Supreme Court affirmed a judgment in favor of Stacy, the broker, against Hancock, the owner, for the breach of a contract of employment of Stacy before the expiration of the period of employment. In that case after Hancock had expressly revoked the agency he proceeded to sell the property himself during the period of time covered by his contract of employment of Stacy. In the opinion rendered in that case the following was said:

"In deference to the verdict of the jury, this court must treat the contract between Hancock and Stacy as having been extended so as to give Stacy the privilege of selling the property at any time up to 'late in the fall.' It is not claimed by the plaintiff in error that the revocation of the authority to sell was based upon any fault or failure on the part of Stacy, therefore, in withdrawing the property from the market and terminating Stacy's authority to sell, Hancock violated the contract between

them, which gave to defendant in error a right of action for such damages as arose out of the unlawful revocation of his agency. Chilton v. Butler, 1 E. D. Smith (N. Y.) 150; Gleason v. McKay, 37 Ill. App. 464; Schuster v. Martin, 45 Ill. App. 481; Blumenthal v. Goodal, 89 Cal. 251 [26 Pac. 906]; Gootschuck v. Jennings, 1 La. Ann. 5, 45 Am. Dec. 70; Carroll v. Pettit, 67 Hun, 418 [22 N. Y. Supp. 250]; Rowan & Co. v. Hull [55 W. Va. 335, 47 S. E. 92, 104 Am. St. Rep. 998], 2 Am. & Eng. Ann. Cas. 884. In the last case cited the court draws the distinction between the power and the right to revoke the agency thus: 'Nor does it make any difference in this view that the principal has expressly agreed he will continue to confide in the agent for a definite period. It is no less difficult on that account to coerce compliance. * * * The law, therefore, leaves the principal in such cases to determine for himself how long the relation shall continue. This, then, is what is meant when it is said that the principal may revoke the authority at any time. But it by no means follows that, though possessing this power the principal has a right to exercise it without liability regardless of his contract in the matter. It is entirely consistent with the existence of the power that the principal may agree that for a definite period he will not exercise it, and for the violation of such agreement the principal is as much liable as for the breach of any contract.' "

In Hardwick v. Marsh, 96 Ark. 23, 130 S. W. 524, the Supreme Court of Arkansas affirmed a judgment for damages in favor of a real estate broker for breach of a contract of employment of the broker to sell real estate. The broker had been given a period of six months in which to make sale of the land, and his agency was revoked by the sale of the land by the owner himself during that period. The court held that that case was ruled by the decision of the same court in Blumenthal & Co. v. Bridges, 91 Ark. 212, 120 S. W. 974, 24 L. R. A. (N. S.) 279, and quoted from the latter case with approval the following:

"Appellants contend that the contract was not one for exclusive agency, and that they had the right at any time before a sale was negotiated by appellee, to revoke it. They rely upon numerous cases which announce the general rule that where real estate is placed in the hands of an agent or broker for sale in the ordinary way, without a stipulation to the contrary and without specifying any definite period of time within which the agent is to have the exclusive right to sell, this does not deprive the principal of the right to sell the land himself, when he acts in good faith towards the agent, and that in such cases there is an implied reservation of the right of the principal to sell, free from any charge or liability for commission (citing cases). Those cases do not, however, announce the controlling principle in this case, for here the contract expressly stipulated for a definite period of time within which the agent might make a sale. In such case the contract implies an exclusive right to sell within the time named, without the right of the principal to revoke the agency unless there is a reservation to the contrary. * * * Now, if the principal cannot, under a contract of this kind, stipulating a definite time within which the sale may be made, revoke the agency directly, it follows that he cannot do so indirectly by making a sale of the property himself, thereby putting it beyond the power of the agent to perform the contract. The revocation of the agency, either directly or by making a sale of the property, is a breach of the contract on the part of the prin-

cipal, and renders him liable to the agent for damages which the latter sustains thereby."

To the same effect is Cloe v. Rogers, 31 Okl. 255, 120 Pac. 201, 38 L. R. A. (N. S.) 366, decided by the Supreme Court of Oklahoma, in which the authorities are reviewed at length sustaining the conclusion reached. Also Glover v. Henderson, 120 Mo. 367, 25 S. W. 175, 41 Am. St. Rep. 695; Byers v. Chatfield, 164 S. W. 415; Johnson v. Buchanan, 54 Tex. Civ. App. 328, 116 S. W. 876.

[1] In view of those authorities, which we think are entirely sound, and which in our opinion are not contravened by any of the authorities cited by appellee, we perceive no escape from the conclusion that Popplewell could not by selling the property himself escape liability to Buchanan for the amount of commissions which he was able to show he could have earned by negotiating a sale of the property within the six-month period given him by the terms of the contract of employment, even though it could be said that Popplewell sold to Jones before Buchanan procured the contract of sale to Skaggs, upon which issue the evidence, to say the least, was conflicting.

[2, 3] The proof was sufficient to sustain a finding that Buchanan did procure a purchaser in Skaggs ready, willing, and able to purchase the property for the price and upon the terms authorized by Popplewell, and it is undisputed that he found such proposed purchaser within the period of six months from date of his employment. Having found such a purchaser within the period of time authorized, Buchanan had a cause of action against Popplewell for the commissions stipulated in the contract of employment, and the fact that he employed Harwood to aid him in those negotiations did not defeat his right of action to recover the commission. The transfer of an interest in his contract of employment had the legal effect to transfer the same interest in the cause of action after it matured, especially in view of the fact that Popplewell after being informed of such transfer made no objection thereto and by his silence impliedly acquiesced therein.

[4] Appellant offered testimony of himself and wife to the effect that at the time the contract of employment was executed Popplewell informed Buchanan that he was then negotiating a sale of the land to Jones, and that he reserved the right to make such sale and thereby terminate the contract of employment at any time, and that Buchanan assented thereto and agreed that Popplewell should have that right. The trial judge sustained an objection to that testimony on the ground that its admission would be in violation of the rule excluding parol testimony which tends to vary or contradict the terms of a written instrument. There was no error in that ruling.

For the reasons noted, all assignments of

error are overruled, and the judgment is affirmed.

Affirmed.

CONNER, C. J., not sitting, serving on writ of error committee at Austin.

## On Rehearing.

DUNKLIN, J. The rule announced in our opinion on original hearing, to the effect that a principal who employs an agent to sell property during a fixed period of time cannot breach such contract of employment without incurring liability for damages resulting therefrom, is also stated in 1 Mechem on Agency (2d Ed.) § 568, as follows:

"Distinction may be made in these cases between the power to revoke and the right to revoke; the principal always having the power to revoke, but not having the right to do so in those cases wherein he has agreed not to exercise his power during a certain period. If, in the latter case, he does exercise his power, he must respond in damages. The same conclusion may also be reached in other cases by distinguishing between the authority and the contract of employment. The authority may be withdrawn at any moment, but the contract of employment cannot be terminated in violation of its terms, without making the principal liable in damages."

The case of Bomar v. Munn, decided by this court and reported in 158 S. W. 1186, is easily distinguishable from the present suit. In that case the brokers claimed the right to recover from the owners of property placed in their hands for sale for a definite period of time, which authority was revoked by the sale of the property by the owners themselves before the expiration of the period of time given to the brokers in which to sell the property. The claim of right of recovery in that suit was based solely upon the breach of the contract of agency by the owners, without any attempt to show that the services of the brokers were the procuring cause of, the sale made by the owners, and without any attempt to prove that, but for the revocation of the agency, the brokers could have effected a sale of the property within the period of time covered by the contract of agency. In other words, a breach of the contract of agency was alleged and proven, but there was neither allegation nor proof that the brokers sustained any damages by reason of such breach, in that, but for the breach, the brokers could have earned a commission by selling the property, or that they did earn a commission by being the procuring cause of the sale that was made by the owners. The language used in that opinion, to the effect that the owners had the right to sell the property themselves without incurring liability to the brokers, had reference to the peculiar facts of that case, and was not intended as being applicable to cases like the present suit.

The appellant again urgently insists that Buchanan's contract of agency was breached by Buchanan by a transfer to Harwood of a one-half interest in his contract with Popplewell. This contention is based upon the stipulation in that contract to the effect that Popplewell granted to Buchanan "solely the exclusive right of sale as agent on the following described property for six months, * * *" and upon the further proposition that such authority to sell the property could not be delegated to Harwood without the consent of the owner. As shown in our original opinion, we construed such transfer to Harwood by Buchanan as a transfer of an interest in any commission that might be earned or any cause of action that might arise in Buchanan's favor under and by virtue of his contract of employment. The suit by Harwood was merely for a one-half interest in the damages resulting from the breach of the contract of employment of Buchanan, and did not involve the enforcement of any contract made by Harwood as agent of Popplewell, and hence the authorities cited and discussed in Williams v. Moore, 24 Tex. Civ. App. 402, 58 S. W. 953, to the effect that such a subagent cannot bind the owner by any contract, are not applicable. Furthermore, the decision last cited announces the doctrine that, while such a subagent may not bind the owner of property to pay for services rendered by a person employed by the subagent, yet such a subagent may be employed to perform ministerial acts, such as showing the property and efforts made to induce the sale thereof, all at the expense of the agent employing him. In other words, the doctrine is clearly announced that a broker engaged to sell real estate may employ the services of a subagent to assist in procuring a sale; and the record in this case clearly shows that such was the extent of the employment of Harwood by Buchanan, and that Buchanan himself found a purchaser for the property in Skaggs within the period of time covered by the contract of agency. It is too well settled to need the citation of authorities that a cause of action like the present one, or an interest therein, may be transferred to another, who may recover the interest therein so transferred.

For the reasons indicated, the motion for rehearing is overruled.

Motion overruled.

CONNER, C. J., not sitting, serving on writ of error committee at Austin.