GUTHERIE et ux. v. COUNTRY CLUB ES-
TATES CO. et al.
No. 7413.

Court of Civil Appeals of Texas. Austin.
Feb. 26, 1930.

Rehearing Denied March 19, 1930.

Fulbright, Crooker & Freeman, of Houston, for appellants.

Kennerly, Williams, Lee, Hill & Sears, of Houston, for appellees.

BAUGH, J.

Gutherie and wife sued the Country Club Estates Company, a corporation, and W. C. Hogg, alleging wrongful breach by the corporation, at the instance of Hogg, of a contract Gutherie had with the corporation to sell its real estate on commission. At the close of plaintiffs' evidence the trial court instructed a verdict in favor of defendants; hence this appeal. No appeal was prosecuted, however, as to the judgment in favor of W. C. Hogg.

The Country Club Estates Company was originally organized as a partnership between T. W. House, Jr., Thomas H. Ball, and Thomas H. Gutherie. House owned 200 acres of land on Buffalo bayou adjacent to Houston. The partnership purchased this, together with 160 acres adjoining it, some time in the early part of 1923, for the purpose of building a country club with a golf course on a part of said acreage, and of laying out and selling the remainder of same as a high class restricted residence addition. Thomas H. Ball

was to attend to all legal matters connected with the project, and title to the land was taken in his name. House was to supervise clearing the land on the ground, and otherwise assist in furthering the project. Gutherie, an experienced real estate man, was to advertise the addition, interest high class residents, and generally to create a market for the lots. He testified that he spent a great deal of his time, for a year or more prior to the time the lots were put on the market, in laying out the addition, planning streets, parks, boulevards, etc.; in the location of needed utilities, such as gas, water, sewer lines, etc.; and in creating a market for the property. All of this was done prior to incorporation, and there was testimony to show that all during this time it was agreed between Ball, House, and Gutherie, that Gutherie was to have charge of the sale of the lots when the addition was ready to be marketed, and was to have a commission for his services. A corporation to take over the project was organized in November, 1923, and the residence property conveyed to it. All of the partners, with additional personnel, were made directors of the corporation and Thos. H. Ball was made vice-president and general manager.

Gutherie testified that after its formation the corporation adopted the plans, platting, prices, restrictions, etc., previously worked out by him. The minutes of November 28, 1923, recited the passage of a motion by unanimous vote of the directors, appointing Gutherie general sales manager, terms of whose contract for services were to be submitted to a committee and approved by the directors. There was evidence to show that terms of compensation, prices of lots, etc., were agreed upon and acted upon both by Gutherie and the corporation; that these terms were recognized by the corporation in writing; and that some $420,000 worth of lots were sold by Gutherie under said contract within 60 days after the lots were put upon the market, and commissions paid him on those sales. These facts show a contract in writing with the corporation within article 5527, R. S. 1925, and bring this action under the four-year statute of limitation. Republic Supply Co. v. Waggoner (Tex. Civ. App.) 283 S. W. 537.

In the spring of 1924, the entire capital stock of the corporation was purchased by what is designated as the Hogg Brothers interests, and the old directors resigned. New directors were elected, and in June, 1924, the new manager discharged Gutherie as sales manager.

This suit was filed in January, 1927, seeking to recover for commissions claimed to have been already earned by Gutherie under said employment, and for those which he alleged he would have earned, in selling the remainder of said lots, but for his discharge.

Gutherie testified that both Ball and House were paid for their services prior to the organization of the corporation, but that he received nothing; and offered testimony that his compensation therefor was to come from commissions on the sale of the lots, by him, after incorporation.

The general rule is that a corporation is not bound by contracts or agreements made by its promoters before incorporation, unless it ratifies or adopts same after it is incorporated. We think the testimony of Gutherie and Ball, together with the minutes of the corporation were amply sufficient to go to the jury on the question both as to a contract between the incorporators, which was subsequently adopted by the corporation, and as to the consideration therefor. If Gutherie had invested no money and rendered no services inuring to the benefit of the corporation, prior to its formation, but had, after its organization, merely been employed for an indefinite period to sell its property, undoubtedly the corporation could revoke his agency at will, so long as it acted in good faith and paid him the commissions earned. But if, as pleaded and testified to by Gutherie, he had for a year or more prior to incorporation, under agreement with Ball and House, which agreement benefited the corporation and was subsequently accepted by it, rendered it valuable services in preparing the addition for sale, with no present remuneration; but was to be paid therefor by having the sale of the property, when same was ready for the market, then such agency or employment was so coupled with an interest in the subject-matter of the contract that it could not be revoked at will; and Gutherie was entitled to a reasonable time within which to make a sale of said property. Byers v. Chatfield (Tex. Civ. App.) 164 S. W. 415; Bryan v. Ross (Tex. Civ. App.) 214 S. W. 525; 2 Tex. Jur. 618, 631; 2 C. J. 535. The fact that he did sell about 60 lots for an aggregate amount of over $420,000 within 60 days after same were placed upon the market, immediately after incorporation, was a circumstance strongly indicating that he had, in fact, rendered effective service beforehand in preparing said property for sale.

While Gutherie was permitted to testify as to what he did as a consideration for being appointed general sales manager, he should have been permitted to show by his own proffered testimony and that of Thos. H. Ball, both of which were excluded, what the agreement beforehand was that he should do. This is especially true since there was evidence that all of these previous agreements and understandings between the partners were made known to, and approved by the directors of the corporation, with full knowledge of the facts, after it was chartered.

As to what would constitute a reasonable time in which he could have sold all of said lots would be a fact issue dependent up-

on all the surrounding circumstances, as would also the question as to what part of the remaining lots he could have sold in such reasonable time, or whether he could have sold all of them in such time.

There was, we think, also sufficient testimony to go to the jury on the issue of whether appellants had earned commissions on sales to certain individuals. Certainly it was sufficient as to sales to Andrews, Cohen, and Staub. Gutherie testified that he sold Mr. Frank Andrews a lot in said addition and was paid a commission; but that at the request of Mr. Potter and Mr. Hogg the sale was canceled, and the commission returned by him shortly before his discharge, with the agreement between Mr. Andrews and the corporation that Andrews could select another lot at the same price per square foot; and that he did so select another lot which was conveyed to him, by the corporation, on November 7, 1924, for a consideration of $12,-500. As to Cohen, he testified that he sold him lot 2 in block 2, and gave him an option, with full knowledge of the corporation, to purchase lot 3 in block 2; that Cohen exercised his option and that on November 18, 1924, the corporation conveyed said lot 3 to Cohen for a consideration of $15,400. He further testified that he sold to, and a contract was closed with, Staub for a specified lot at $2,500 before he was discharged, but that no commission was ever paid him therefor. The trial court may have taken the view, as urged by appellee, that as to the purchasers above named, appellants' demand was barred by the statute of limitation of two years. However, as above indicated, the four year statute applies. And the evidence was clearly sufficient to warrant the submission to the jury of the issue of whether or not appellant Gutherie was the procuring cause of such sales, regardless of when the agency of Gutherie was terminated.

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded for another trial.

Reversed and remanded.