### McFARLAND v. LYNCH et al.

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 29, 1908.)

1. BROKERS (§ 8*) — EVIDENCE OF AGENCY — ADMISSIBILITY.

Where a real estate broker testified that he had been appointed an exclusive agent to sell land, proof that he had put up a sign advertising the land for sale was admissible as proof that he acted as agent after his appointment.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 9; Dec. Dig. § 8.*]

2. BROKERS (§ 8*) — EVIDENCE OF AGENCY — CONSIDERATION FOR EXCLUSIVE AGENCY.

Where a landowner alleged in his answer that a contract for the exclusive agency for the sale of the land was without consideration, evidence that the agent painted and put up a sign advertising the land for sale was relevant, to show that the agent in good faith undertook to perform the duties of his agency.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 9; Dec. Dig. § 8.*]

3. APPEAL AND ERROR (§ 728*)—ASSIGNMENT OF ERRORS—INCLUDING ERRORS IN ONE ASSIGNMENT—DEPOSITION.

Where numerous objections were made to the answers contained in a deposition, some of which were clearly bad, an assignment of error objecting to the admission of the deposition, which does not point out the particular objection relied upon, will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3010–3012; Dec. Dig. § 728.*]

4. TRIAL (§ 207*)—INSTRUCTIONS—LIMITING EFFECT OF EVIDENCE.

Where a part of a deposition was relevant to the material issues in the case, a requested instruction that it should be considered only in determining the credibility of a witness was properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 498, 499, 501; Dec. Dig. § 207.*]

5. APPEAL AND ERROR (§ 692*)—BILL OF EXCEPTIONS — EVIDENCE — ANSWER TO QUESTION.

A bill of exceptions to the refusal to permit a question to be answered, which does not show what the answer would have been, is defective.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2905–2909; Dec. Dig. § 692.*]

6. TRIAL (§ 194*)—INSTRUCTIONS—WEIGHT OF EVIDENCE.

Where there was other evidence tending to show an appointment of plaintiff as an exclusive

agent, a requested instruction that letters, which were introduced merely as written declarations of the owner tending to show an exclusive agency, failed to show such agency, and the jury therefore should find for the defendant, was a charge upon the weight of the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413–436, 439–441, 446–454, 456–466; Dec. Dig. § 194.*]

7. APPEAL AND ERROR (§ 216*)—OBJECTIONS IN TRIAL COURT — REQUEST FOR INSTRUCTIONS—NECESSITY—EFFECT OF DOCUMENTARY EVIDENCE.

An assignment of error for failing to instruct the jury as to the effect of letters in evidence will be overruled, where no request for such an instruction was made.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 216;* Trial, Cent. Dig. §§ 627, 631.]

8. BROKERS (§ 55*)—RIGHT TO COMPENSATION —EXCLUSIVE AGENCY.

An exclusive agent for the sale of real estate may recover his commission, where the sale is made through another agent, without showing that he was the procuring cause of the sale.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 82–84; Dec. Dig. § 55.*]

Appeal from Tarrant County Court; John L. Terrell, Judge.

Action by D. H. Lynch and another against F. H. McFarland to recover a broker's commission for the sale of land under an exclusive agency claimed by the plaintiffs, but which was denied by the defendant. Judgment for plaintiffs, and defendant appeals. Affirmed.

It appeared that the land was sold by the defendant through other agents. The special charge referred to in the fifth assignment of error was as follows: "The letters introduced in evidence fail to show that the defendant made plaintiffs exclusive agents for the sale of the land in controversy herein, and you will therefore find for the defendant."

Miller & Dycus, of Ft. Worth, for appellant. Spoonts, Thompson & Barwise, of Ft. Worth, for appellees.

CONNER, C. J. [1] The first assignment is overruled, because one of appellee's material averments was that he was an agent of appellant for the sale of land, and while agency cannot be shown, as objected in this assignment, by the acts and declarations of the alleged agent, yet proof that he acted as agent was competent, when other competent evidence of agency had been offered. Proof, therefore, that appellee painted and put up a sign advertising the land for sale was admissible, with appellee's direct testimony of appointment as agent.

[2] Besides, appellant pleaded, urged, and now insists in various forms, that the contract of agency was unilateral and without consideration, and it would seem certainly relevant to show that pursuant to his appointment appellee in good faith undertook to perform duties necessary, or at least proper, in order to effect a sale.

[3] We sustain appellee's exception to the second assignment. That objects to the introduction in evidence of the "deposition of W. H. Newton as shown by bill of exceptions." The record discloses that as the deposition was read objections were made to several of the answers, some of which objections were clearly not good, and the assignment wholly fails to distinctly point out the particular exception relied upon as requiring a reversal.

[4] In the third assignment complaint is made of the action of the court in refusing a special instruction for the jury to not consider the testimony of the witness Newton for any other purpose than to determine the credibility of the witness Waits, to which Newton's testimony related. The instruction, however, went to the entire deposition, a part of which at least, as before stated, was proper for the consideration of the jury and was relevant to material issues in the case, aside from the credibility of the witness Waits. It would, therefore, have been improper to so limit Newton's testimony, and the third assignment is accordingly overruled.

[5] The bill of exceptions referred to in the fourth assignment fails to show what would have been the answer of the witness, had the court permitted the witness to answer. Besides, there was other evidence than appellant's letter of October 18th strongly tending to show that appellee had been constituted an exclusive agent for the sale of appellant's land. This was the material issue, which was for the jury's determination from all of the evidence, and it could have but tended to confuse the jury to permit appellant to badger the witness into stating that his claim of exclusive agency was based alone upon the letter referred to.

[6] The fifth assignment is overruled, in that the special charge, of the refusal of which complaint is made, was on the weight of evidence, first, in telling the jury that the letters did not show exclusive agency; and, second, in instructing the jury in that event to find for the defendant. It is not a case in which the court was called upon to construe the legal effect of the letters. They were introduced merely as written declarations of appellant tending to show appellee's exclusive agency, and it was for the jury to draw their own inference from the letters when read in the light of all the other evidence. And even though it be assumed that the letters of themselves were insufficient to establish appellee's asserted exclusive agency, there was nevertheless verbal evidence of such agency which required the submission of the issue to the jury.

[7] What we have said in disposing of the

fifth assignment also disposes of the sixth assignment, which complains of the action of the court in failing to instruct the jury concerning the effect of the letters introduced in evidence. Besides, if in any event a charge on this subject was proper, appellant should have prepared and requested one, which was not done.

[3] The seventh, eighth, ninth, tenth, and eleventh assignments seem to present separate and distinct questions, and hence are subject to appellee's objections; but, if considered, the first proposition thereunder is not the law as applied to the facts of this case, and the second is not supported by the record. If appellee was in fact the exclusive agent, as alleged, he had the right under the undisputed facts to recover his commissions, without showing that he was a procuring cause. See authorities cited on pages 16 and 17 of appellee's brief. And there was evidence that the contract for commissions was not unilateral or without consideration; also that appellee's authority was not revoked, the latter issue being distinctly submitted in a special charge requested by appellant.

We think the evidence supports the issues submitted, and that the judgment must be affirmed.