## LEWIS v. SMITH et al.

No. 14805.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 22, 1946.

Rehearing Denied Jan. 10, 1947.

Carrigan, Hoffman & Carrigan and Luther Hoffman, all of Wichita Falls, for appellant.

J. Walter Friberg, of Wichita Falls, for appellees.

SPEER, Justice.

Plaintiffs H. F. Smith and T. E. Hill sued defendant J. M. Lewis in a district court of Wichita County, Texas, to recover commissions or brokerage alleged to be due them under a written listing contract between them and defendant Lewis. The parties will bear the same designation here as in the trial court.

Plaintiffs alleged that they were licensed real estate brokers, and took from defendant a contract of listing, and agency in language as follows:

"H. F. Smith, Wichita Falls, Texas, January 10, 1946.

"I or we, for and in consideration of your listing the property described on other side hereof for sale, do appoint you exclusive agent to sell said property for $10,-218.00 net, the terms mentioned on opposite side or price or terms acceptable to me. I agree to furnish abstract of title, and agree to deliver warranty deed conveying good title at my expense. I promise to pay you 5% of sale price. You shall have exclusive right to sell said property until February 10, 1946, and thereafter until terminated by me giving you 10 days notice in writing, and in case of sale of said property during said time I promise to pay you a commission of 5% of sale price.

"Signed by J. M. Lewis
"Seller or sellers."

The reverse side of the contract contains data concerning location, incumbrances, certain furniture, and other matters not material to this appeal.

Plaintiffs alleged that pursuant to the contract they advertised the property and exhibited it to many prospective purchasers; that as a result of their efforts a Mr. Leverich inspected the property and afterwards purchased it from the defendant; that while plaintiffs did not actually close deal with Leverich, yet they found him and put him in communication with defendant who did close the deal, and that they were the procuring cause of the sale. The petition stated plaintiffs did not know the precise amount of the purchase price but alleged same to be $10,000.00 or more and sought 5% as a commission.

Defendant answered by general denial and certain special pleas. He denied specially that plaintiffs ever produced a purchaser ready, able and willing to buy. Further that defendant sold the property to Mr. Gorin by a contract dated February 14, 1946, and that thereafter Gorin sold to said Leverich, and that neither the transaction between defendant and Gorin nor

between Gorin and Leverich was the result of any effort on the part of plaintiffs.

Defendant made a further special answer to the effect that prior to the time he made the contract of sale with Gorin he called T. E. Hill, one of the plaintiffs, and asked if any sale had been made, and being told that none had been made, he told Hill he had a chance to sell it to Gorin and asked if it would be all right to do so; that Hill told him to go ahead and sell. That because of said conversation, the said Hill, for himself and his coplaintiff, "Waived the right to sell the property and the right to a commission."

Plaintiffs filed a supplemental petition denying that they or either of them had waived their right to sell or their right to a commission. They further averred that the transaction between defendant and Gorin was not a bona fide deal other than a kind of a loan or advancement to defendant and that the only bona fide sale made by defendant was to Leverich; that all transactions between Gorin and defendant were subterfuges and an effort on the part of defendant to avoid payment of the commissions due the plaintiffs. Their prayer was amended so as to seek judgment for $550.

The nature of the pleadings set out along with the issues submitted naturally reflect the theory upon which the case was tried. We shall later refer to the testimony and the submitted issues. The jury verdict and judgment were favorable to plaintiffs. Defendant has appealed.

■ First point of error complains because the court refused defendant's requested peremptory instruction. Defendant did timely file such request, but the record does not disclose that it was ever called to the court's attention or acted upon by the court. It is obvious that such a requested instruction was not given but since the complaint is leveled at the action of the court in refusing same and there being no order by the court on it, the point is not properly before us. However we may add that if the court had entered an order refusing the requested issue there would have been no error shown, as we view this record.

Points Two and Six are briefed together and really present the controlling phase of this appeal. In substance they assert judgment should have been entered for defendant and not for plaintiffs because: If the contract should be construed to mean that plaintiffs had the *exclusive right* to sell the property they could not recover, since the jury found on competent evidence that plaintiffs did not produce a purchaser ready, able and willing to buy.

■ As we view the contract quoted above, it is plain and unambiguous and of course in such circumstances it was the duty of the court to construe it. Clearly, by its terms it did more than merely name plaintiffs as defendant's "exclusive agents" but plainly gave them "the exclusive right to sell said property" during the life of the contract. There is no contention made here that the contract had expired. Our courts, as well as those in other jurisdictions, make a distinction in liability for brokerage, between contracts for mere exclusive agencies and those which grant the exclusive *right* to sell. When the contract merely grants an "exclusive agency" to another, the principal or owner may sell his own property (to one not produced by the agent) without liability to the agent for commissions, but when, as in this case, the contract grants exclusive agency and "the exclusive right to sell" along with a promise to pay the commission in case of a sale being made, the owner may not sell to any person, during the life of the contract, whether produced by the agent or not, without incurring liability to the agent for brokerage under the contract. Bomar v. Munn, Tex.Civ. App., 158 S.W. 1186; Popplewell v. Buchanan, Tex.Civ.App., 204 S.W. 874, writ refused; French v. Love, Tex.Civ.App., 281 S.W. 301; Dallas Electric Supply Co. v. Branum Co., 143 Tex. 366, 185 S.W.2d 427. In other jurisdictions see annotations 64 A.L.R. page 396 et seq. under "Purchaser not produced."

Third point asserts error of the court in submitting to the jury the issue of whether or not plaintiffs waived their right to commissions. He argues that it was a question of law, should not have been submitted to the jury, and that the answer finding they had not waived it should be disregarded.

The court instructed the jury that waiver meant a relinquishment of a known right, by words or conduct. In special issue 2, the jury was asked if plaintiffs waived their commission on the sale, and the jury answered that they did not.

As disclosed by the pleadings above referred to, defendant pleaded that plaintiffs did waive commissions and the latter pleaded specially that they did not. Thus making an issue of fact, defendant affirming and plaintiffs denying. Waiver and such matters may in some instances become questions of law, but ordinarily waiver is one of fact, dependent upon things done and said. This requires evidence, with the burden of proof upon the one asserting waiver. In the absence of an express renunciation of a known right, a waiver will not be presumed or implied contrary to the intention of the party whose rights would be injuriously affected thereby, unless by his conduct the opposite party has been misled to his prejudice into an honest belief that such waiver was intended or assented to. 43 Tex.Jur. 897, sect. 6, and page 900, sect. 8; Hodges v. Cole, Tex.Civ. App., 117 S.W.2d 822.

In an effort to discharge the burden of proof of waiver, defendant testified that he was discussing a sale with a Mr. Gorin, and called Mr. Smith (one of the plaintiffs) and asked Smith if he had found a buyer and being told "No", defendant told Smith that he had a chance to sell to a Mr. Gorin, and said, "The reason I am calling is that I don't want you (Smith) to work on it any more, and I want to know if I can sell it?" He said Smith replied: "I will be glad for you to sell it." Defendant said he then finally consummated his deal with Gorin and entered into a contract of sale on February 14, 1946. That contract of sale was in evidence and by its terms a sale was made and defendant was not to make a deed to Gorin but would wait until such time as Gorin advised him to whom a deed should be made. The testimony further shows that Gorin advertised the property and later sold it to Leverich and instructed defendant to make deed to Leverich. This was done and the property was deeded to Leverich by defendant on February 20, 1946, at the request of Gorin.

Reverting to the telephone conversation between defendant and plaintiff Smith, there is little difference between defendant and Smith as to what was said, but each gave a different version of what prompted him to say what is attributed to him. Smith said in substance that the reason he assented for defendant to sell was because "I thought I was going to get my commission just the same." Plaintiff Hill testified that he did not waive his right to commission and that his coplaintiff Smith did not so waive it, in so far as he knew. Thus the issue of fact was raised and the jury found plaintiffs did not waive commission. In these circumstances we think it was an issue of fact for the jury, it was properly submitted, and should not have been disregarded by the court.

Fourth point asserts error because the court entered judgment for plaintiffs because the jury had found that Smith (one of the plaintiffs) when told by defendant that he had a buyer, to go ahead and sell, and that acting upon such statement of Smith, the defendant did sell the property. Defendant argues in his brief that these established facts created an estoppel against plaintiffs' recovery, as a matter of law.

We cannot assent to this contention. It is a general rule in this state that estoppel, to be available, must be pleaded as a defense; the general rule goes far enough to permit the plea to be presented in courts of law and equity, but there are no legal intendments indulged by the courts in favor of estoppel when not specifically pleaded. 17 Tex.Jur. 146, sect. 16. Some of the well-known essential elements of estoppel are not embraced within the special issues submitted, hence it cannot be said that such findings as were had created an estoppel as a matter of law. There was no objection raised when the testimony supporting special issues 3 and 4 was introduced; in fact that testimony was admissible in support of the plea of waiver. In the circumstances of this case we do not think Rule 67, Texas Civil Procedure, is applicable, from which we could hold that

602

the issue of estoppel was tried out by express or implied consent of the parties.

Fifth point of error asserts that judgment should not have been entered for plaintiffs on the verdict rendered because of an irreconcilable conflict between the answer to special issue No. 2 and the answers to special issues 3 and 4.

As above indicated, in response to special issue No. 2 the jury found the plaintiffs did not waive their right to commission in this transaction. Responding to special issue No. 3, the jury found that defendant told one of plaintiffs that he had a buyer for the property and that the plaintiff told defendant to go ahead and sell, and by No. 4 that when plaintiff told him to sell, the defendant did enter into a sales contract with Gorin.

■ We see no conflict between the findings in response to special issue No. 2, saying the plaintiff did not waive commission, and the findings under special issues Nos. 3 and 4. The answers to 3 and 4 were supported by what plaintiff Smith told defendant Lewis and what defendant did thereafter. These were evidentiary matters, about which there was no material dispute in the testimony. The jury had all that testimony before them when they answered No. 2 to the effect that plaintiffs did not waive. These two findings (answers to 3 and 4) standing alone would not have supported a judgment for defendant, under any theory in the case; they were lacking in an essential element of waiver which requires that defendant (in this case) be misled by the words or conduct of the plaintiffs, to his prejudice into an honest belief that a waiver by plaintiffs was intended or assented to.

■ It must be noted that by the terms of the contract involved here, plaintiffs could sell the property for $10,218.00 net, and that defendant would pay them 5% of the sale price. In response to special issue No. 1, the jury found that defendant sold the property for $11,500.00. There is a factor concerning furniture involved but it is not clear to us to what extent it affected the verdict. Certainly it cannot be said that defendant was "misled to his prej-

udice" when he sold the property for the amount found by the jury. Plaintiffs sued only for $550.00 and could recover no more, although 5% of the sale price was greater.

■ When, as in this case, there is a contention that there are irreconcilable conflicts in a jury verdict, it is elemental that the court will so construe the verdict as to harmonize the answers if there is a reasonable explanation thereof that will permit all to stand. Howard v. Howard, Tex.Civ.App., 102 S.W.2d 473, writ refused. We think it not difficult to give this whole verdict a most reasonable construction demonstrating that there is no irreconcilable conflict.

For the reasons stated and under the applicable law we find no reversible error in the points relied upon by defendant and they are therefore overruled. The judgment of the trial court should be and is hereby affirmed.