## PATTON v. WILSON.

### No. 11913.

Court of Civil Appeals of Texas.
San Antonio.

Feb. 9, 1949.

Rehearing Denied March 9, 1949.

Strickland, Ewers & Wilkins, of Mission, for appellant.

Greer, Cox & Patterson, of McAllen, for appellee.

MURRAY, Justice.

This suit was instituted by Mrs. W. P. Patton in the 93rd District Court of Hidalgo County, Texas, against H. L. Wilson, seeking to recover the sum of $2,500 as a real estate dealer's commission alleged to be due her under an exclusive listing contract. The case was submitted to the trial court upon an agreed statement of the case which reads as follows:

"Come now the plaintiff and defendant, through their respective attorneys, and agree and stipulate:

"I. That this cause may be submitted to the Court upon stipulation of fact as herein set out.

"II. That Plaintiff is a duly licensed real estate dealer and was at all times pertinent to this cause, and that plaintiff has had her disabilities removed for trading and mercantile purposes, and at all times pertinent to this cause, including the filing of this suit, is a person sui juris.

"III. That the defendant, in writing, gave plaintiff what is headed 'Approved Listing Card—Listing Agreement,' accord-

ing to the original attached hereto and made a part hereof.

"IV. That thereafter, on the 10th day of April, A.D. 1947, and within 15 days from the date of said listing, the said defendant sold said property through other agents at a price of $63,000.00.

"V. That plaintiff was not the procuring cause of the sale.

"VI. The approved listing card and listing agreement signed by Defendant is as follows:

"Approved Listing Card—Listing Agreement

"Date 3-29-47

"I hereby authorize and appoint Mrs. W. P. Patton of Pharr, Texas, my agent to Negotiate, Sell or purchase the property as follows, to-wit: South 30 acres of Lot 223, Hall-Fifield Subdivi.

"On Contract of sale of said property I agree to furnish a supplementary abstract, certified to date, showing good and merchantable Title or, a Title Insurance Policy; and to convey or cause to be conveyed, by General Warranty Deed, title to the premises described, free of all encumbrances except as shown below:

"My price is $65,000.00, Payable as follows: $30,000.00 Cash, Balance to Be Arranged

"I agree to pay you a commission of the total consideration $2500.00.

"This listing is exclusive for 15 days, and thereafter becomes ———

"Upon withdrawal of the listing I promise to give you immediate notice in writing.

"/s/ H. L. Wilson
"Owners.

"VII. The Commission sued for has not been paid in whole or in part."

The trial court, in a non-jury trial, rendered judgment that plaintiff take nothing, from which judgment Mrs. W. P. Patton has prosecuted this appeal.

█ We are of the opinion that the judgment of the trial court is correct. The "Approved Listing Card—Listing Agreement" is on its face a nudum pactum and unenforceable. It is not signed by appellant, Mrs. W. P. Patton. It does not obligate her to do anything. It is nothing more than an offer to pay her a commission if she should sell appellee's land for $65,000. It does give her an exclusive agency for fifteen days for this purpose. It does not even require her to file this listing card among her other listings. She is not obligated to advertise the property, to seek prospective buyers therefor, to show the property to such prospects, or to expend any time, money or effort in endeavoring to find a buyer for the property. Such an instrument is at most a unilateral contract and is not binding upon appellee and may be disregarded by him, unless and until appellant has produced a purchaser, ready, able and willing to purchase the property upon the terms stated, or until she has expended some time, money or effort in attempting to locate such a buyer.

Here the record does not show that appellant paid a consideration for this listing. The stipulation says it was given to her. It does not show that she has done one thing in an effort to find a buyer for the property.

In Restatement of the Law of Agency, § 449, p. 1059, we find the following statement: "In the ordinary listing of property with a real estate broker, the broker's promises to use his best efforts or other similarly indefinite promises are not, without other facts, sufficient to indicate that consideration has been given."

and the following illustration is given: "P lists Blackacre with A for sale, it being stated that A is to have 'the exclusive agency for three months.' A pays nothing for this and makes no agreement to do more than to list Blackacre among the properties which he has for sale and to use the facilities of his office in effecting a sale. A week later the land is sold to T, who had been introduced to P by another broker. A is entitled to no commission."

In the instant case the agent did not even offer to use his best efforts or make any other similar indefinite promise.

In 4 R.C.L., § 56, p. 319, we find the following: "According to some decisions, if an agreement between an employer and a broker to pay the latter commissions in case a sale is made by either is unilateral in character and does not obligate the

broker to do anything, then it is void for lack of mutuality and the broker can lay no claim to commissions where the transaction in question is effected without his aid."

In 8 Am.Jur., § 57, p. 1015, it is said: "It would seem, however, that to bind the owner, a contract must in fact have been in existence. That is, there must have been some consideration furnished on the part of the broker. Mere permission to the broker to sell property within a specified time, without any consideration or expenditure of time or money on his part, is a nudum pactum which may be revoked at any time."

We have not found any Texas cases which we regard as being in point, but we do find a number of cases from other jurisdictions in point. In Bell v. Dimmerling, 149 Ohio St. 165, 78 N.E.2d 49, 52, a suit involving somewhat similar facts as are here involved, we find the following language:

"With reference to the subject of 'Unilateral Contracts,' it is stated in 9 Ohio Jurisprudence 239, Section 5, that 'The contract does not come into existence until one party to it has done all that is necessary on his part; it is performance by one party which makes obligatory the promise of the other.'

"Conceding that at the time the 'contract' was signed and accepted it was a mere nudum pactum, when plaintiff exerted her efforts to find a purchaser for the property, consideration was supplied, the promisor became bound by the commitments he had made and a contract came into existence, enforceable by the plaintiff."

■ This is a correct statement of the law. Where a listing contract is unilateral on its face it does not come into existence as a binding contract until the broker or real estate agent has performed, or at least partly performed, his duties under the agreement. In the case at bar there is not one word that indicates that appellant has done one thing in attempting to perform the agreement.

Another case in point is that of Garfunkel v. Byck, 28 Ga.App. 651, 113 S.E. 95, 96, wherein the Court held the following demurrer was properly sustained to plaintiffs' petition, to wit: " '(2) That said petition fails to set forth any cause of action against this defendant for that the contract declared upon and annexed to the petition is void for lack of mutuality and is unilateral, for that: (a) There is nothing in said contract making it obligatory upon the plaintiffs to make any effort to sell the property mentioned: (b) that while in said contract the defendant directs that the property shall be advertised, yet there is not by the contract any obligation upon the plaintiffs to so advertise the property; the advertising being discretionary with the plaintiffs.' "

In Kolb v. Bennett Land Co., 74 Miss. 567, 21 So. 233, 234, we find the following statement: " 'This alone was no contract, for there was no mutuality of obligation. The plaintiff (the agent) did not, by this instrument, obligate himself to do anything, and therefore the other party was not bound;' and the court denied the agent any compensation whatever, even for expenses, and says further as to the agent: 'He can recover nothing for what he did unless there was a complete contract, in which case, of course, he might have recovered damages for its breach.' "

Appellant has cited 10 Tex.Jur., § 92, p. 161, wherein it is stated that mutuality may result from an implied obligation on the part of one of the parties. We cannot find anything in the "Listing Card" herein involved which would imply that there was any obligation whatever upon Mrs. Patton. The very style given the instrument indicated that it was nothing more than a listing card or listing agreement. Mrs. Patton did not sign the instrument which set forth several obligations on the part of Wilson but absolutely no obligations whatever on the part of Mrs. Patton. Under such circumstances there would be no reason to assume that there were implied obligations on the part of Mrs. Patton.

We are cited by appellant to the case of McFarland v. Lynch, Tex.Civ.App., 159 S.W. 303, where the court held that an exclusive agent for the sale of real estate may recover his commission where the sale is made through another agent, without

showing that he was the procuring cause of the sale. However, in that case it is further shown that the exclusive agent had partly performed the contract by painting and putting up a sign advertising the land for sale. In the present case there is no indication that Mrs. Patton ever did anything in the way of performing this alleged contract. Furthermore, there is nothing in that case to show that the listing agreement was in fact a unilateral contract, in that neither the contract nor its provisions are set forth in the opinion.

Appellant next cites the case of Covert v. Calvert, Tex.Civ.App., 287 S.W. 117. In that case the court held that where the owner sold his land through one agent while another agent held exclusive listing contract binding in every way, the exclusive agent was entitled to recover his commission. The facts further show that the exclusive agent had produced a purchaser, ready, able and willing to buy the property, and that the owner had failed and refused to execute the deed to him. There is no question raised in that case of the exclusive listing contract being void for want of mutuality.

Appellant next cites the case of Park v. Swartz, 110 Tex. 564, 222 S.W. 156. Here the exclusive agent was permitted to recover a commission for the sale of real estate where the owner of the land breached this exclusive agency contract. Again, in that case, there was no contention of a unilateral contract being void for want of mutuality, but it is shown that the agent had entered upon the performance of the contract, expended about $1,000 in advertising the lots, for traveling expenses, etc., in carrying out the contract and making a number of sales. This case is thus easily distinguished from the case at bar.

The next case which appellant cites is that of Lewis v. Smith, Tex.Civ.App., 198 S.W.2d 598. That case is also distinguishable from the case at bar, in that the plaintiffs had begun the performance of the contract, had advertised the property and exhibited it to many prospective purchasers, and as a result of their efforts a Mrs. Levrich inspected the property and afterwards purchased it from the owner. There the agent not only partly performed the contract, but completely performed it by producing the person who actually purchased the property.

A very good statement of the law governing unilateral contracts is found in Meechem on Agency, § 2452, p. 2049, reading in part as follows: "But suppose the principal does declare that the broker shall have a certain time within which to find a purchaser, or that he shall have the exclusive authority for that time, or that the principal will not himself sell the property within that time. Does this bind the principal? It certainly does not *unless there is some consideration for it.* What is the consideration? What the principal does in such a case may, and probably ordinarily does, amount merely to an offer of a unilateral contract. The principal says merely, 'I offer you my promise to pay commission for your act of finding a purchaser.' The offer may be accepted by the performance of the act. Until it is so accepted there is no contract. The broker has promised nothing; he does not agree that he will find a purchaser, or even that he will make any attempt to do so. He may perform or not, as he pleases. He may go part way and leave performance incomplete. Neither is the principal bound until his offer has been accepted by the performance of the act, and it must ordinarily be full performance, because that is the acceptance stipulated for. Until it has been so accepted, where this is all, the principal may withdraw his offer, even though the broker may have made much progress toward acceptance. Harsh as the conclusion may seem, the principal would not be under any liability to the broker in such a case, because no contract has ever been made between them." (Italics ours.)

According to Meechem, there would have to be a complete performance of the unilateral contract by the agent before there would be a binding contract. However, the decisions in Texas seem to indicate that a partial performance of such unilateral contracts is sufficient to make the same a binding obligation.

It seems to us that this is a suit for the breach of a contract rather than a suit on a contract. There is no provision in the listing agreement that the commission will be paid if a sale is perfected through an-

other agency. In those cases in which such a provision is found the courts readily hold that you can sue on the contract for the commission where a sale is perfected through another agency, but in the absence of such a provision the suit must be for the breach and the damages sustained must be established by evidence. Here the stipulation does not cover the amount of damages other than to state that the commission has not been paid.

In 64 A.L.R. p. 406, it is said:

"And to the same effect is Gunning v. Muller, 1922, 118 Wash. 685, 204 P. 779, where, it being contended, also, that the plaintiff was not obligated to do anything, and that, therefore, the contract was unilateral and no recovery could be had, the court held that the plaintiff's devotion of time and expense in an attempt to effect a sale constituted sufficient consideration for the obligation sought to be enforced.

"But, where the plaintiffs obtained a judgment in the lower court in an action brought for commissions on a contract with the defendant to sell certain real property, the defendant having sold the property through another agent before the expiration of the plaintiff's sole-agency contract, the supreme court reversed the judgment on the law and the facts, and granted a new trial. The court held that the plaintiffs' right to recover commissions could arise only when a sale was made to a purchaser whom they had procured, and that they had mistaken their remedy in bringing an action to recover commissions on a sale made by another agent. The court observed that, if the plaintiffs had a cause of action, it was for the breach of the contract, because, in violation of its terms, a sale was made to a stranger through another agent, whereby the plaintiffs sustained damages. It was said that, in an action for breach of the contract, the damages would not necessarily be measured by the amount of commissions on the sale made by the defendant, but

rather by expenses actually incurred and profits or commissions lost on a sale plaintiffs would have made. Slattery v. Cothran, 1924, 210 App.Div. 581, 206 N.Y.S. 576."

Appellant contends that we cannot here consider the question of want of consideration or lack of mutuality, because same was not affirmatively pleaded by appellee.

We overrule this contention. It will be recalled that this case was submitted to the trial court upon agreed statement of facts, as is provided for by Rule 263 of Texas Rules of Civil Procedure. When a case is submitted to a trial court upon agreed statement of facts all issues with regard to pleadings are immaterial. The Prætorians v. Simons, Tex.Civ.App., 187 S.W.2d 238; Abilene Hotel Corp. v. Gill, Tex.Civ.App., 187 S.W.2d 708; Shamrock Oil & Gas Co. v. Williams, Tex.Civ.App., 63 S.W.2d 570; Cobb v. Harrington, 144 Tex. 360, 190 S.W.2d 709, 172 A.L.R. 837. See Also: Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562; Rules 67, 90 and 299.

However, if the pleadings in a case of this kind may be reverted to we would be of the opinion that appellee is entitled to prove want of mutuality under his answer setting up only a general denial. There is no rule that we know of requiring that a plea of want of mutuality in a contract must be specially plead. It is true that Rule 93(j) requires that a plea of want of consideration must be verified, but a plea of want of mutuality, while somewhat similar to a plea of want of consideration, it is yet quite different. The burden was on appellant to show that she had a valid, subsisting and enforceable contract, and when the proof shows that she only has a unilateral contract, the performance of which has not yet been undertaken, she fails to show a binding contract that will support her cause of action.

Judgment of the trial court is affirmed.