## SIMPSON v. MOONEY J. SHERMAN & SON CO.

No. 15058.

Court of Civil Appeals of Texas.
Fort Worth.

June 24, 1949.

Rehearing Denied Sept. 27, 1949.

Marvin B. Simpson, Jr., and Fred S. Dudley, both of Fort Worth, for appellant.

Lattimore, Couch & Lattimore and J. O. Terrell Couch, all of Fort Worth, for appellee.

SPEER, Justice.

Appellees, Mooney J. Sherman & Son Co., a co-partnership and licensed real estate dealers, sued appellant, O. H. Simpson, for five per cent brokerage for sale of real estate. The action was predicated upon a written contract of listing with appellees by appellant.

The instrument sued on, referred to by all parties as the listing contract, is a form printed on a card 4x6 inches, containing many printed words, leaving blanks to be filled. The printed part contains the names of appellees as if printed for their use. Only a small part of the blank was adhered to. The price is given as $225,000 and the owner's name is in the blank space for that purpose. Disregarding other blanks, a brief description of two or more pieces of property was written on the card and no complaint is made of the sufficiency of either description. Following the descriptions the card-contract contains this language:

"The undersigned, in consideration of services rendered and to be rendered and other valuable considerations, does hereby grant to Mooney J. Sherman & Son Co., for the full term of 6 months days, beginning with date hereof, the exclusive right and privilege as agent, to sell the property described on the reverse side hereof, at the price and on the terms there set forth, or at such price and on such terms as the undersigned may agree to accept therefor and agrees to pay to the said Mooney J. Sherman & Son Co., a commission of five per cent on the total sale price of said property, unless sale price is under $1000.00, in which event a minimum commission of $50.00 is to be paid, regardless of who may effect a sale thereof within said period. Seller to furnish complete abstract or an insured title policy. Taxes, insurance and rents to be prorated to date of closing.

"Fort Worth, Texas 15 day of October 1947.

"O. H. Simpson."

On the reverse side there are many printed items, leaving spaces for answers to be written in; none of these blanks were filled.

Trial was to the court. No findings of fact and conclusions of law were requested and none were filed, except such as were set out in the judgment; the judgment being adverse to appellant he has perfected this appeal.

Points of error 1, 2, 3 and 5 are substantially the same as to subject matter, so much so that appellant makes his statements and arguments applicable to all. In effect, they each assert error because the contract sued on is unenforceable for the reasons, (1) it is too uncertain "as to price and terms of a contemplated sale of the property involved * * * and not enforceable as a present contract"; (2) by its terms the contract "constituted an agreement to enter into negotiations and agree upon the price and terms which appellant would accept, if they could"; (3) "appellee had elected to sue upon a contract in writing too indefinite and uncertain to form the basis for appellee's claimed cause of action and not enforceable as a matter of law"; and (5) the contract sued on "being so indefinite and uncertain as to price and terms of said sale yet to be agreed upon between the parties and as a matter of law could not form the basis of appellee's claimed cause of action, the trial court erred in not rendering judgment in favor of appellant."

While the contract sued on was in force as to point of time, appellant, through another purported agent, sold one of the described properties for $70,000. It was stipulated at the trial that appellees were not the procuring cause of the sale that was really made, did not produce the purchaser who bought it, nor did they ever procure or cause to be procured a purchaser ready, able and willing to buy at the agreed price nor at a price satisfactory to appellant.

The substance of appellant's contentions under these four points is that the listing contract sued on is too indefinite in its terms to be enforceable, and that it is no more than an agreement between the parties that they will in the future make a contract for brokerage if they can then agree upon prices and terms. Upon that assumed premise appellant cites many authorities supporting it. We are not in accord with such a construction of the contract.

It is true that the listing contract does not state the price nor terms upon which either piece of property is to be sold as a prerequisite to appellant's becoming liable to appellees for the specified five per cent brokerage, but we think the contract is specifically definite in certain essential particulars, namely, (a) it designates the property to be sold; (b) for the recited consideration it grants unto appellees "the exclusive right and privilege as agent to sell the property * * * at such price and on such terms as the undersigned (appellant) may agree to accept therefor"; and (c) it obligates appellant for the consideration recited to pay to appellees a commission of five per cent on the total sale price of the property.

There appears to be no controversy between the parties as to the property covered by the contract, nor that appellees held a written contract conferring upon them the exclusive right to sell it during the six months period, nor as to the amount of the commission, if appellees are entitled to recover at all.

Apparently it is the contention of appellant that because the contract failed to describe the property and give the price and terms on the reverse side of the instrument (under the language used) the contract as a whole became too uncertain and indefinite to be enforceable. We note the description is written on the front rather than on the reverse side as referred to in the printed part of the contract quoted above. Moreover, in connection with the phrase referable to price and descriptions on the reverse side, the next disjunctive phrase reads: "or at such price and on such terms as the undersigned (appellant) may agree to accept therefor." In view of the two disjunctive phrases, if the first be ignored, the latter stands equally as effective.

The inevitable result is that appellant executed to appellees a written contract giving to them the exclusive right to sell the described property within a period of six months from the date of the contract at such price and on such terms as appellant may agree to accept, for which appellant agreed to pay five per cent commission on the total sale price.

Without dispute, appellant did sell the property for $70,000 during the life of the contract. The sale was made through others and was accepted by appellant. Nevertheless appellant's contract with appellees was still in effect and appellees' rights were in no way altered or affected by another deal made by appellant to which appellees were not parties. This is true even though under the circumstances here involved appellant may have become liable for two commissions.

In Lewis v. Smith, Tex.Civ.App., 198 S.W.2d 598, writ dismissed, w. o. j., this court discussed the rule which we think is controlling in the instant case. In the cited case plaintiff, a broker, held a contract conferring upon him the exclusive right to sell. Defendant, the owner, sold the property before the expiration of plaintiff's contract. Plaintiff claimed right of recovery on two grounds, first, under the contract, and second, because he was the procuring cause. The record in that case disclosed that the jury found against plaintiff on his claim of "procuring cause" but the court awarded judgment based on the contract of exclusive right to sell. We collated the authorities on that point and in affirming the judgment, 198 S.W.2d at page 600, announced the following rule: "But when, as in this case, the contract grants exclusive agency and 'the exclusive right to sell' along with a promise to pay the commission in case of a sale being made, the owner may not sell to any person, during the life of the contract, whether produced by the agent or not, without incurring liability to the agent for brokerage under the contract." Citing Bomar v. Munn, Tex.Civ.App., 158 S.W. 1186; Popplewell v. Buchanan, Tex.Civ.App., 204 S.W. 874, writ refused; French v. Love,

Tex.Civ.App., 281 S.W. 301; Dallas Electric Supply Co. v. Branum Co., 143 Tex. 366, 185 S.W.2d 427. In other jurisdictions see annotations 64 A.L.R., page 396 et seq. under "Purchaser not produced." Other parts of the opinion discuss a distinction made by the courts in contracts of agency and contracts conferring exclusive right to sell. That question is not in the present case.

We hold that the contract here is unambiguous and not indefinite or uncertain in its terms and is sufficient as a present contract and is not an agreement to make a contract in the future if the parties can at that time agree, and that the contract was and is enforceable. The points of error must be overruled.

The fourth point is in substance that the court erred in entering judgment for appellees upon fact findings not supported by any evidence in the case and contrary to the stipulated facts.

The findings complained of are in the judgment, they read:

"It appeared to the court that the contract between plaintiff and defendant gave plaintiff an exclusive listing for a period of six months at the price specified or upon terms agreed to by the defendant; that the plaintiff showed the property to several people, but that before the listing period had expired, the defendant, through other agents, sold the property for the total consideration of $70,000.00, and that the plaintiff was and is entitled to a five per cent commission upon the total sale price of the Ann Apartments; that the said property was sold on December 18, 1947."

It appears that appellant's complaint under the fourth point is based on that part of the court's finding wherein it is said: "That the plaintiff showed the property to several people." Paraphrasing questions and answers, one of the plaintiffs testified that he talked to people with reference to selling the property; that for this purpose he approached Mr. Herman Baum, Mr. Joe Rubinstein, and Mr. Bob Stuart; that he had Baum and Rubinstein see it; that they said they would go look at

it. We think the court did no violence to the testimony when he found the facts to be as above pointed out.

Appellant did not plead nor attempt to prove that the consideration recited in the contract had failed in whole or in part. He does not contend here that the contract was unilateral or lacking in mutuality. It may be observed just here that the case was not tried solely upon stipulations in lieu of testimony from witnesses, which situation sometimes alters the rules of pleading. Rule 263, Texas Rules of Civil Procedure. As we view the situation before us, the testimony of one of the appellees to the effect that he approached people with a view to selling them the property, naming three of them, and had his prospective purchasers "see" the property and that two of them said they would look at it, none of which testimony was in any way contradicted, tend strongly to prove that appellees had, in part at least, performed some of the service promised by them as a consideration for the contract.

The court's judgment could well have been based upon the undisputed facts that appellant had by a written contract conferred upon appellees the exclusive "right to sell" during the life of the contract, based upon a valuable consideration, a portion of which had been fully performed.

Our conclusions herein expressed are not in conflict with the holding in Patton v. Wilson, Tex.Civ.App., 220 S.W.2d 184, writ refused, n. r. e., published since the instant case was submitted to this court. In the cited case the contract was materially different to the one before us. There, only an exclusive agency was created; no consideration paid or to be paid by the agent was recited in the instrument, nor did it appear that the agent performed any services in connection therewith, nor indeed did he promise to perform any such services. Different in the case before us; a consideration was recited and it was shown without dispute that appellees did perform a service which was most obviously contemplated by the parties.

Finding no reversible error presented by the points raised, we conclude that the judgment should be and is affirmed.