## HOLMES v. HOLIK.
### No. 12269.

Court of Civil Appeals of Texas.
Galveston.

Feb. 22, 1951.

Rehearing Denied March 15, 1951.

H. F. Thurow, of Houston, for appellant.

Gerald S. Gordon, of Houston, for appellee.

MONTEITH, Chief Justice.

Appellant, O. W. Holmes, d/b/a O. W. Holmes Realty Company, brought this action in the County Court at Law of Harris County for recovery from appellee, John Holik, Jr., of the sum of $650.00, alleged to be due him under a written contract of listing as a 5% brokerage fee for the sale of appellee's property.

The instrument sued on, referred to by the parties as a listing contract, is a card containing printed words with blanks to be filled in by the parties. The printed portion contains appellant's name—indicating that the card was prepared for appellant's use. Some of the blank spaces in the listing card are filled in, including the price at which the property was listed as $13,000. The owner's name is written in the blank space left for that purpose and a brief description of the property listed for sale is shown, in the space designated for that purpose on the card, as a "drive-inn" located in the Channelview Area on a lot 100 x 190. The card contract contains this language:

"I hereby authorize and appoint you exclusive rights for 120 days on property as described for sale at a new price of $———, all over is our commission or $13,000 at a 5% commission to be paid out of first payment made on said property. I agree to furnish complete abstract/title policy and make proper conveyance at my expense. At any time within this period I take property off the market I agree to pay O. W. Holmes Realty Company 5% commission."

On the reverse side of the card are blanks to be filled in which recite that John Holik, Jr., is the owner of the property, giving his phone number, and the date of the contract as May 31, 1949.

In a trial before the court judgment was rendered that appellant take nothing by his suit. No findings of fact or conclusions of law were requested by the parties or filed by the trial court.

The case was submitted to the court upon an agreed statement of facts, under Rule 263, Texas Rules of Civil Procedure. The stipulations provide that at all times pertinent to the appeal appellant was a duly licensed and acting real estate dealer in Harris County, Texas, and that appellee had given appellant a written sales agreement to sell real estate belonging to appellee; and had been ready, able and willing to perform the duties called for in the listing. It stipulates that appellee had conveyed the property to other parties and that he did not notify appellant or secure his consent to a withdrawal of such listing; that the property was sold to N. Mooman and his wife; that appellant was not the procuring cause of the sale and that no commission has been paid to appellant.

Under his first point of error, appellant complains of the trial court's action in interpreting said listing contract to be a mere listing for sale, rather than an exclusive right to sell.

Appellant relies for reversal on the case of Lewis v. Smith et al., Tex.Civ.App., 198 S.W.2d 598, 599, application for writ of error dismissed, in which the facts are similar in all material respects to those in the instant case. In that case the contract relied on was also claimed to be a mere listing contract. It appointed the real estate broker the exclusive agent to sell the property at a stated price for a stated period of time and provided that "* * * in case of sale of said property during said time I promise to pay you a commission of 5% of sale price."

While the wording of the contract relied on in the instant case is not well chosen, the contract does more, we think, than merely name appellant as appellee's exclusive agent. By its terms the contract plainly gave appellant the "exclusive right" to sell said property during the life of the contract. It had not expired at the time appellee conveyed the property to N. Mooman.

In the case of Lewis v. Smith, supra, it is held that there is a distinction in liability for brokerage, between contracts for mere exclusive agencies and those which grant the exclusive "right" to sell property. It is there held that "When the contract merely grants an 'exclusive agency' to another, the principal or owner may sell his own property (to one not produced by the agent) without liability to the agent for commissions; but when, as in this case, the contract grants exclusive agency and 'the exclusive right to sell' along with a promise to pay the commission in case of a sale being made, the owner may not sell to any person, during the life of the contract, whether produced by the agent or not, without incurring liability to the agent for brokerage under the contract." (Citing authorities.)

In the case at bar the record shows that appellant has performed numerous acts in an effort to find a buyer for the property under consideration. He testified that he showed the property to at least five persons, giving the names of some of them; that he had advertised the property for sale with two newspapers and paid the fees therefor, and that he had incurred the expense of using his car in showing the property to various prospects.

In the case of Patton v. Wilson, Tex. Civ.App., 220 S.W.2d 184, 186, the Court in its opinion quoted with approval from 8 Am.Jur., § 57, p. 1015, in which it is said, in substance, that in order to bind an owner, a contract must in fact have been in existence, and there must have been some consideration furnished on the part of the broker; that mere permission to the broker to sell property within a specified time, without any consideration or expenditure of time or money on his part, is a nudum pactum which may be revoked at any time. The Court in its opinion quoted with approval from the opinion in the case of Bell v. Dimmerling, 149 Ohio St. 165, 78 N.E.2d 49, 52, in which it is said: "* * * it is stated in 9 Ohio Jurisprudence 239, Section 5, that 'The contract does not come into existence until one party to it has done all that is necessary on his part; it is performance by one party which makes obligatory the promise of the other.' "

Continuing, the Court said:

■ " 'Conceding that at the time the "contract" was signed and accepted it was a mere nudum pactum, when plaintiff exerted her efforts to find a purchaser for the property, consideration was supplied, the promisor became bound by the commitments he had made and a contract came into existence, enforceable by the plaintiff.'

"This is a correct statement of the law. Where a listing contract is unilateral on its face it does not come into existence as a binding contract until the broker or real estate agent has performed, or at least partly performed, his duties under the agreement. In the case at bar there is not one word that indicates that appellant has done one thing in attempting to perform the agreement."

In the case of Lewis v. Smith, supra, the Court held that "When the contract merely grants an 'exclusive agency' to another, the principal or owner may sell his own property (to one not produced by the agent) without liability to the agent for commissions, but when, as in this case, the contract grants exclusive agency and 'the exclusive right to sell' along with a promise to pay the commission in case of a sale being made, the owner may not sell to any person, during the life of the contract, whether produced by the agent or not, without incurring liability to the agent for brokerage under the contract." Bomar v. Munn, Tex.Civ.App., 158 S.W. 1186; Popplewell v. Buchanan, Tex.Civ. App., 204 S.W. 874, writ refused; French v. Love, Tex.Civ.App., 281 S.W. 301; Dallas Electric Supply Co. v. Branum Co., 143 Tex. 366, 185 S.W.2d 427; 64 A.L.R., page 396 et seq., under "Purchaser not produced."

While the listing contract under consideration is ambiguous in some particulars, it is, we think, sufficiently definite in essential particulars. It designates the property to be sold at a stated consideration and recites that appellant shall have the exclusive right and privilege as agent to sell the property at the price stated. It obligates appellee to pay to appellant a commission of 5% on the total payment of the property if within that period the owner took the property off the market.

It is undisputed that appellee did sell the property while appellant's contract with appellee was still in effect.

In the case of Simpson v. Mooney J. Sherman & Son Co., Tex.Civ.App., 223 S.W.2d 42, under a similar fact situation it was held that the holdings in Patton v. Wilson, Tex.Civ.App., 220 S.W.2d 184, supra, were not in conflict with the holdings in that case for the reason that in the Patton v. Wilson case an exclusive contract was not created and that no consideration was paid by the agent and that it did not appear from the record that the agent had performed any services in connection therewith.

In the instant case, it was shown without dispute that appellant did perform certain services in connection with the contract as a consideration for the contract.

■ Under the above authorities it follows, we think, that the judgment of the trial court must be reversed and judgment here rendered in favor of appellant. It is so ordered.