STROTHER v. RYON et ux.

No. 15250.

Court of Civil Appeals of Texas.
Fort Worth.

May 18, 1951.

W. A. Hawkins, of Fort Worth, for appellant.

Marvin B. Simpson, Jr. and Fred S. Dudley, both of Fort Worth, for appellee.

HALL, Justice.

Appellant M. L. Strother, a licensed real estate dealer, sued appellees D. J. Ryon et ux to recover $550 as commission which he alleged was due him for performing under the following written agreement or memorandum executed by appellees:

"I hereby list my property with M. L. Strother, exclusive, located at 307 Terry 701–703–705–707 East 3rd St. 708–710–712 E. Second, Fort Worth, Texas, for a price of $11,000. I agree to furnish title and make proper conveyance of same if sale is made and to pay for conveyance to purchaser. This listing to remain in effect 10 days from this date. I, or we, agree to pay agent 5% of sale price.
"Kathryn Ryon
"D. J. Ryon
" * * * This 8th day of Sept. 1950."

Trial was to the court which rendered judgment against appellant upon the theory that such memorandum was unilateral and had not become enforccable prior to its revocation by appellee Mrs. Ryon.

The trial court's findings of fact reveal that the property listed by appellees was the separate property of Mrs. Ryon; that she revoked said memorandum by telephone the next day after she and her husband signed the same by informing appellant that she did not wish to sell the property. Appellant contends he is entitled to the commission because of part performance, as set out in the following trial court's findings:

"The court finds that on the same date that the defendants executed the listing agreement, that plaintiff contacted another real estate agent by the name of Key, and advised Key that he had a listing of the defendants' property, and was advised by Key that he had no desire to purchase the property personally, but that Key had a friend who might be interested in buying it. Plaintiff advised Key to talk to the friend, and if he was interested, to have him bring some escrow money and enter into a contract. As a result of this conversation, Hunter McLean looked at the property, and thereafter, on September 11, 1950, the said Hunter McLean did execute a written contract to purchase defendants' property on the terms the property was listed with plaintiff at, and the said Hunter McLean placed up his check for $500.00 as escrow

money, and the court finds that Hunter McLean was a purchaser who was ready, willing and able to buy the property * *."

There being no statement of facts filed, we must take the court's findings of fact as true and construe them in the light most favorable to the judgment.

As we view the above trial court's findings, the extent of appellant's partial performance was the telephone conversation he had with another real estate agent prior to the time appellee Mrs. Ryon revoked the unilateral memorandum. It is also evident, however, that such telephone call was the nucleus which produced a purchaser who was ready, able and willing to buy appellees' property at the stipulated price set out in said memorandum within the prescribed time.

 We believe it is the law in Texas that part performance of a consideration may make the contract irrevocable, that is to the extent where the broker has started such action by spending money and time in his efforts to perform. This theory of conditional contract seems to have the support of many of the states. 1 Williston on Contracts (Rev.Ed. 1936), sec. 60A. See the many authorities cited in Hutchinson v. Dobson-Bainbridge Realty Co., 31 Tenn. App. 490, 217 S.W.2d 6. There is no question but that appellees had the authority under the law to revoke the unilateral memorandum prior to appellant's partial performance. 7 Tex.Jur., pp. 418 and 421, sections 34 and 36.

We find under our state authorities that a mere local telephone call, supra, would not be classified as a part performance which would place the unilateral memorandum in the status of a binding contract. Most of the cases we have read, such as Park v. Swartz, 110 Tex. 564, 222 S. W. 156, recite partial performance as expenditure of money and time on behalf of a broker in order to place a unilateral memorandum in full force and effect. There are many cases cited under "Proof and Measure of Damages" by the wrongful revocation of such a contract in 7 Tex. Jur., p. 425, sec. 39.

In the case of Brigham v. Cason, Tex. Civ.App., 233 S.W. 530, it was held the broker was not entitled to a commission where the owner revoked it before the broker partially performed the contract. The San Antonio Court of Civil Appeals in Patton v. Wilson, 220 S.W.2d 184, writ refused, n.r.e., enumerates and discusses the distinction between many cases of renown upon this subject.

The memorandum before us does not have the protective provisions for the agent as set out in the one outlined in the case of Holmes v. Holik, Tex.Civ.App., 238 S.W. 2d 260.

Finding the trial court did not err in refusing appellant recovery because of non performance prior to time of revocation, its judgment is affirmed.

May 18, 1951.