**DOWD MORE COMPANY REALTORS,**
**Appellants,**

v.

**Patrick M. McDONALD et ux., Appellees.**

**No. 16050.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

March 29, 1973.

Rehearing Denied April 26, 1973.

John O. Walters, Houston, for appellants.

No brief filed for appellees.

EVANS, Justice.

This is an action by appellants, Dowd More Company Realtors, for damages resulting from a breach of an exclusive real estate listing contract. Trial was to the court without a jury and a take nothing judgment was rendered for the appellees, defendants below. The trial court's judgment is reversed and rendered.

Appellants alleged they were duly licensed real estate brokers and that they had entered into an exclusive real estate listing contract for sale of appellees McDonalds' home; that during the period the listing contract remained in effect, the appellees breached the contract by making a sale to a third party. Appellants alleged they were entitled to recover damages in the sum of $1100.00 based upon a stipulated commission of 6% of the listed sales price of $18,500.00. Plaintiffs' petition contained an alternative plea upon quantum meruit and a prayer for interest and attorney's fees.

Appellees filed no brief, presented no oral argument and have not challenged the statements as to the facts and the record contained in appellants' brief. Thus, appellants' statements in their original brief will be accepted as correct. Rule 419, Texas Rules of Civil Procedure. Appellants' statement of the case, as set forth in their original brief is as follows:

"This is a suit for breach of contract tried without a jury. On June 4, 1971, Appellees, in writing gave the Appellants an irrevocable and exclusive agency and right to sell for ninety (90) days a home located at 3723 Brookfield Street, Houston, Texas, at a price of $18,500.00. A commission of six percent (6%) was stipulated. Appellants proceeded to advertise the property, place their realtors 'For Sale' sign in the yard, list the property, with multiple listing, place a Multiple Listing lock box on the property, and showed the property to prospective customers. The Appellees sold the property during the ninety (90) day period. Appellants made demand for their commission and when it was not forthcoming, brought this suit for breach of contract.

"The Court below rendered judgment for the Defendants, Appellees herein. The Appellants, Plaintiffs below, after giving proper notice, have perfected their appeal to this Honorable Court."

■ Appellants' first and second points of error complain, in effect, that the trial court erred in rendering judgment for appellees because the undisputed evidence showed a breach of contract by appellees, rendering performance by appellants impossible, and an absence of proof by appellees that appellants could not or would not have performed the contract, regardless of the breach. Both points of error are sustained.

In Park v. Swartz, 110 Tex. 564, 222 S.W. 156 (1920), the owner had granted an exclusive right to sell his property to a real estate broker and within the term of the contract had sold the property to a third person. The Texas Supreme Court held that the owner had breached the contract for which he was liable in damages and that having established the contract, his readiness and willingness to perform it and that he was denied the opportunity to perform the contract because of the owner's breach, the broker had established a prima facie case to the damages which under the contract he presumably would have earned if permitted to perform and that it was incumbent upon the owner to offer proof that the broker would not or could not have performed, regardless of the breach.

■ In this case the appellants Dowd More established the essential facts which entitle them to a recovery for breach of contract. While the appellants were ad-

mittedly not the procuring cause of the sale, it is undisputed that appellants had initiated performance under the contract and had advertised the property for sale, had placed their "For Sale" sign in the yard, had listed the property with Multiple Listing Service and had shown the property to prospective customers. The contract was no longer nudum pactum but on the contrary was a bilateral agreement which appellees could not unilaterally revoke by a sale to a third party.

This principle is, we believe, clearly set forth in McDonald v. Davis, 389 S.W.2d 494 (Tex.Civ.App., Houston, 1st Dist., 1965), wherein this court speaking through Chief Justice Bell at page 496, said:

"This suit is not one for a commission but is one for damages for breach of contract by appellees. The breach occurred when appellees withdrew the property from the market. This deprived appellant of the opportunity to perform. This is appellant's theory of recovery.

"Whether appellant is correct depends on whether there was a unilateral or bilateral contract. This is not a mere offer by appellees that they would for six months make appellant their exclusive agent to look for a purchaser and if he produced a purchaser within that time he would pay appellant a commission. If such were the case, appellees could revoke the authority at any time before a purchaser was produced and would not be liable for damages. The reason is that the owner's undertaking is merely that if a purchaser is produced he will pay a commission. This is a mere offer that can be revoked at any time before acceptance. Acceptance is, within the terms of such an offer, to be made by producing a purchaser. No consideration exists until the purchaser is produced. Here the contract is bilateral. The appellant by the terms of the contract agreed as a part of the consideration for appellees' giving him the exclu-

sive right to sell for a period of six months that he would list the property. Too, it was expressed that a part of the consideration was the effort of appellant to find a purchaser. Though there was no express promise to exert efforts to find a purchaser, the evidence shows without dispute that appellant advertised that he had drive-in groceries for sale, that Mr. Falco answered the ad and that appellant took Mr. Falco to see the property on two occasions. Nothing further was done after the second visit because appellees withdrew the property from the market, thus revoking appellant's authority and making performance by appellant impossible. There resulted an enforceable contract giving appellant the exclusive right for six months to sell the property. Mechem, Law of Agency, Second Edition, Secs. 2451, 2453 and 2454; Park v. Swartz, 110 Tex. 564, 222 S.W. 156; Hancock v. Stacy, 103 Tex. 219, 125 S.W. 884; Holmes v. Holik, Tex.Civ.App., 238 S.W.2d 260, error dism.; Simpson v. Mooney J. Sherman & Son Co., Tex.Civ.App., 223 S.W.2d 42, no writ hist.; Lewis v. Smith, Tex.Civ. App., 198 S.W.2d 598, dism. w. o. j.; Patton v. Wilson, Tex.Civ.App., 220 S. W.2d 184, ref., n. r. e.; McFarland v. Lynch, Tex.Civ.App., 159 S.W. 303, no writ hist.; Bell v. Dimmerling, 149 Ohio St. 165, 78 N.E.2d 49.

"The principal may of course revoke an agent's authority where not coupled with an interest, but there is a distinction between his power to revoke and his right to revoke. He at any time before full performance can revoke the authority of an agent so the agent will lose his authority to bring the principal into legal relations with a third party. However, if he has no right to revoke it, he will be liable for damages suffered by the agent by reason of the wrongful revocation. Where, as here, there is a bilateral contract, the principal has no right to revoke to the prejudice of the agent. See authorities above cited; Pickett et ux. v.

Bishop, 148 Tex. 207, 223 S.W.2d 222; and Brigham v. Cason, Tex.Civ.App., 233 S.W. 530, no writ hist.

"Where a principal breaches the contract, he becomes liable in damages. Where, as here, suit is for breach of a contract granting the agent the exclusive right for a definite period of time to sell property, the damages are for breach of contract and not for the commission promised if the agent sold. He is entitled to recover the reasonable profit he would have made. Prima facie that profit is the amount represented by the stipulated commission. Park v. Swartz, supra."

 As stated above, appellants' compensation under the exclusive real estate listing contract was stipulated to be 6% of the listed price of $18,500.00, or $1100.00. In the absence of satisfactory evidence that appellants' reasonable profits were in a lesser sum than the stipulated commission the sum specified in the contract is prima facie evidence of their damages. Accordingly, the judgment of the trial court is reversed and judgment is rendered for the appellants in the amount of $1100.-00 with interest at 6% per annum from and after September 3, 1971.

In view of the foregoing a discussion of appellants' third point with respect to claim upon quantum meruit is unnecessary to the disposition of this case.

### On Motions for Rehearing

Both parties have filed motion for rehearing. Appellees contend in their motion that the terms of the listing contract gave the owner the privilege of selling the property and that the agreement was not breached by the owner's sale to a third party. Appellees base their argument upon language in the contract which specifies that the realtor's commission is to be paid upon the sale of the property "whether made by owner or by anyone else." Appellants contend in their motion that they were entitled to attorney's fees.

Appellees' argument overlooks the basic nature of the listing agreement in question. This was an exclusive listing contract and granted to the appellants the exclusive "right to sell" the property. Upon a sale of the property by the appellees to a third party before the expiration of the term, appellants' remedy was a suit for damages for breach of contract. West v. Barnes, 351 S.W.2d 615 (Tex.Civ.App.— Austin (1961), ref., n. r. e.); Neece v. A. A. A. Realty Company, 156 Tex. 614, 299 S.W.2d 270 (1957). Appellants' suit was upon the contract and no recovery of attorney's fees was authorized. West v. Barnes, supra.

The motions for rehearing filed by appellants and by appellees are overruled.