## MOOK v. HUMBLE OIL & REFINING CO. et al.

### No. 14630.

Court of Civil Appeals of Texas.
Fort Worth.

June 16, 1944.

Rehearing Denied Sept. 22, 1944.

Simon & Simon, of Fort Worth, for appellant.

Bromberg, Leftwich, Gowan & Schmucker, of Dallas, and Joe S. Brown and R. E. Seagler, both of Houston, for appellees.

BROWN, Justice.

On September 24, 1930, certain heirs of R. W. and Mahulda Berry executed and delivered to appellant, G. E. Mook, powers of attorney, the following being, by agreement, admitted in evidence as a true copy of all of such instruments relied upon by Mook in the case before us, viz.:

"File No. 18967
"The State of Texas
"County of Van Zandt
"Know All Men by These Presents:
"That I, (or we), Mrs. S. P. Berry, Sr., of the County of Van Zandt, State of Texas, hereinafter styled party of the first part (whether one or more) and G. E. Mook, of the County of Van Zandt, State of Texas, hereinafter styled party of the second part, do hereby agree as follows, to-wit:

"Whereas, the party of the first part is the owner of and entitled to certain lands in the John Walling and William Daniel Survey, Van Zandt and Smith Counties in the State of Texas, to which said lands it appears other persons are asserting some claim or claims adverse to and inconsistent with the rights and claims of the party of the first part, the person (or persons) hereinabove named as party of the first part, does hereby employ the party of the second part as his (her or their) agent, for him (her or them) and in his, her or their name, and each of their names, place and stead to undertake the recovery of the title and possession of any and all lands owned by the first party (or either or all of them) or to which he, or either of them, may be legally or equitably entitled, wheresoever the same may be situated, and whether in one or more tracts, in the John Walling Survey and/or the William Daniel Survey in Van Zandt and/or Smith Counties, in the State of Texas, hereby giving and granting to the said second party the exclusive right to represent the said first party in the matter of the recovery of such land or lands for a period of twelve months from the date hereof, and so long thereafter as any litigation involving the title and rights of the first party may be pending in any of the trial or appellate courts; and for the purposes of carrying out the ends and objects of this contract of employment, party of the first part has made, constituted and appointed, and by these presents does hereby make, nominate, constitute and appoint the said party of the second part herein, his (her or their) true, lawful and sufficient agent and attorney-in-fact, for him (her or them) and in his (her or their) name (or names), to enter upon any and all tracts of land hereinabove described and referred to, and to demand possession of the same, both as to surface and sub-surface estates, and for such portions of the estate, whether mineral or otherwise, if any, as may have been removed therefrom without previous authority from the party of the first part herein, and, if necessary, to institute in the name of the first party herein, such suit or suits as to the said second party herein may seem proper for the recovery of the possession of said land and/or minerals, and for any and all such damages for tort

to trespass which the second party may consider first party (or either of them) entitled to recover, and to remove cloud from the title of any and/or all of such land or lands, and to employ counsel to prosecute or defend or assist in prosecuting or defending any such suit or suits or litigation, involving the rights and title of first party in and to said land or lands, with power and authority to compromise, settle or adjust in such manner and upon such basis as to the said second party may seem to be for the best interests of the first party, the party of the first part hereby giving and granting to the second party full power and authority to do and perform all and every act and thing whatsoever requisite, necessary and proper to be done in and about the premises, as fully, to all intents and purposes, as the party of the first part might or could do if personally present, the said first party hereby ratifying and confirming all that said second party shall lawfully do or cause to be done in the premises by virtue hereof.

"In consideration of the sum of One ($1.00) Dollar cash in hand paid to the party of the first part by the party of the second part, and in consideration of the services rendered and to be rendered by the party of the second part in the premises, including payment by the party of the second part of all attorney's fees, surveying and other costs and expenses incident to the recovery of said land or lands, party of the first part agrees that party of the second part shall receive as his compensation and to reimburse himself for such expenditures, one half of any sum of money, property or other thing of value that may be recovered for first party (or either of them, if more than one) and for the consideration stated, party of the first part does hereby sell, assign, set over and convey to the party of the second part, his heirs and assigns, an undivided one-half interest in and to any money, property, minerals or mineral rights or other thing of value that may be recovered for first party or to which first party's right or title may be established by suit, compromise, or otherwise, and party of the first part agrees to make proper conveyance or conveyances thereof as soon as such title shall have been established by party of the second part or through his efforts.

"In consideration of the above assignment, party of the second part hereby accepts said employment and hereby agrees and obligates himself to use his best efforts in asserting and establishing the right, title, interest and possession of the first party in, of and to said land or lands.

"Witness our hands this 24th day of Sept. A. D., 1930.

"(Signed) Mrs. S. P. Berry, Sr., Parties of First Part. G. E. Mook, by Oliver Cofer, Party of the Second Part."

In the year 1931, Mook employed an attorney named J. H. Synott to bring certain suits in behalf of these Berry heirs. One such suit is numbered 5737, styled C. W. Berry et al. v. Sanger Investment Co. et al., filed in the district court of Van Zandt County, Texas; the second suit is styled and numbered W. W. Berry et al. v. Sun Oil Co. et al., No. 5738, and the third suit is styled and numbered T. C. Berry et al. v. Humble Oil & Refining Co. et al., No. 5705, all filed in said district court, seeking to recover the title to and possession of three tracts of land in the John Walling League, aggregating 207 acres. In the year 1932, a settlement was made by the defendants in said suits with the Berry heirs, through their attorney in fact, Mook, and the attorneys employed by him to bring such suits.

To consummate this settlement Mook, as agent and attorney in fact for the Berry heirs, whom he represented, and for himself individually, executed a deed to R. M. Rowland, who was named Trustee for the defendants and in whose hands the settlement funds had been placed, and such deed purports to convey the lands in controversy to the Trustee and all rights, title, claim and interest in and to same, and this provision is found in the deed: "And for the same consideration, we do hereby bargain, grant, sell and assign all of our choses in action, claims, and interests of every kind and nature whatsoever in and to said lands which we may have been entitled to or may be entitled to as heirs of R. W. Berry, deceased, and of his wife, Mahulda Berry, deceased, and/or of any of their heirs or descendants."

Furthermore, in consummating such settlement, judgments were rendered in said three suits in favor of the defendants therein and that the plaintiffs take nothing.

Mook personally approved the said judgments, and he and the Berry heirs were paid their respective portions of the settlement monies. Trustee Rowland deeded the lands to Humble Oil & Refining Com-

pany for the benefit of the parties who contributed to the settlement fund.

Mook, in making such settlement, executed and delivered to Humble Oil & Refining Company the following instrument:

"February 13, 1932.
"Humble Oil & Refining Company,
"Houston, Texas
"Gentlemen:
"This is to advise that I have received from Rice M. Tilley the sum of Twenty-Five Hundred Dollars ($2500.00), paid to me on claim arising out of the Berry Heirs' suits on the William Daniel and John Walling Surveys in Van Zandt County, Texas, whereby I released and relinquished all of my right, title, claim, and interest in and to the Berry claim.

"You are instructed, therefore, to pay Mr. Tilley the sum of Twenty-Five Hundred Dollars ($2500.00), which he has already advanced to me, and he is hereby authorized to execute any receipts, releases, and other instruments involving my claim.

"G. E. Mook.

"Witnesses:
"R. Collins,
"Jane Kayler."

When Mook was paid his portion of the settlement funds, he delivered to said attorney, Rice Tilley, all of the original powers of attorney he had received from the Berry heirs, and Tilley delivered same to Humble Oil & Refining Company.

In the year 1934, some of the Berry heirs, through attorney, Lyle Saxon, filed suit in the district court of Van Zandt County against Humble Oil & Refining Company, Gulf Production Company (which is now Gulf Oil Corporation), and Sanger Investment Company, and others, for the title to and possession of the above mentioned tracts of land, and sought to set aside the 1932 judgments, deeds and conveyances executed in connection with the 1932 settlement, on the ground that same were procured by fraud. Other Berry heirs intervened, making similar allegations.

Mook was not made a party to such suit and it is admitted that he not only did not cause such suit to be instituted but that the very purpose of the suit was to attack and repudiate Mook's prior acts in effecting the settlement of the former suits.

Mook learned that negotiations for a settlement of these bills of review was under way and he intervened therein just before the settlement was consummated, in 1943, but it is evident from the record that Mook did not follow up or press his intervention. In fact, the record discloses that Mook filed the intervention for the sole purpose of putting the defendants on notice of his claim and as a predicate for the bringing of the instant suit.

Proceeding on the assumption that he is, in all events, entitled to one-half of the monies that were paid by the defendants to the Berry heirs in settlement of their bills of review, Mook brought suit against Humble Oil & Refining Company, Gulf Oil Corporation and Sanger Investment Company to recover his asserted 50% of the funds so paid, and alleged the execution of the powers of attorney to him, the bringing of the bills of review by the Berry heirs, his intervention in such suit, his notice to defendants of his asserted interest and rights, and the settlement on the part of the parties, and payment of such sums of money to these Berry heirs.

The defendants made appropriate answer, setting forth the above mentioned facts as a defense to any suit or claim by Mook against them.

The cause was tried to the court and judgment rendered for defendants. Mook has appealed.

The five points presented by appellant are, in substance, as follows:

(1) The powers of attorney assigned to Mook an undivided one-half interest in any money or thing of value to which the Berry heirs' right or title might be established by suit, compromise or otherwise; and their right to the monies received by them was established by the compromise, made in 1943, and appellees having been given due notice of the assignment to Mook, he was thus within his rights in demanding one-half of such sums as were paid to the Berry heirs, and in bringing suit against appellees therefor.

(2) Irrespective of whether or not the powers of attorney effected a present conveyance of an interest in the lands to Mook, nevertheless, they constituted valid assignments of the money received in compromise.

(3) The powers of attorney were absolute assignments of one-half of whatever sums of money should be recovered by suit or compromise and were not executory agreements to pay a contingent fee; and Mook had a right to maintain suit thereon regardless of whether the consideration therefor was executory, or whether or not

any consideration had been received by the Berry heirs; and the question of consideration or of defenses which might be raised by the assignor are not material in suits between the assignee and the obligor.

(4) The powers of attorney were not executory but presently transferred a right, title and interest in the land, effective upon delivery, and conveyed more than a mere equity.

(5) Mook rendered the services contemplated by his contract and at all times held himself ready to take further action upon request of the Berry heirs; and he had thus fully paid the consideration for his interest, all of which was known to appellees, and neither the appellees nor the Berry heirs could defeat his vested right.

Appellees' counter propositions are:

(1) Appellant is not entitled to recover because whatever interest he acquired was later conveyed by him to R. M. Rowland for the benefit of appellees, and he executed a full and complete release of all of his rights and claims, and has become bound by the district court judgments rendered in favor of appellees vesting title to the lands in controversy.

(2) Appellant is not entitled to recover because the powers of attorney given to him did not convey a present interest, but evidenced executory contracts under which appellant was required to perform services as a prerequisite to his sharing in any property or money acquired under the contract, and he performed no services in connection with the 1943 settlement.

(3) Appellant is not entitled to recover because the powers of attorney under which he claims terminated under their own terms in the year 1932.

We are of opinion that there is no merit in any of appellant's contentions.

In the first place, the powers of attorney that were given to appellant specifically prescribe that he is employed "to undertake the recovery of the title and possession of any and all lands owned by" the first parties or to which they "may be legally or equitably entitled," and gave appellant "the exclusive right to represent said first parties in the matter of the recovery of such lands for a period of twelve months from the date hereof, and so long thereafter as any litigation involving the title and rights of the first parties may be pending in any of the trial or appellate courts"; and appellant was given authority "to compromise,

settle or adjust (their claims) in such manner and upon such basis as to the said second party may seem to be for the best interests of the first parties"; and further that the consideration for such services was fixed at "one-half of any sum of money, property or other thing of value that may be recovered for first parties," and the instrument continues: "and for the consideration stated, party of the first part does hereby sell, assign, set over and convey to the party of the second part, his heirs and assigns, an undivided one-half interest in and to any money, property, minerals or mineral rights or other thing of value that may be recovered for first parties or to which first parties' right or title may be established by suit, compromise, or otherwise"; and the instruments bind first parties "to make proper conveyance or conveyances thereof as soon as such title shall have been established by party of the second part or through his efforts," and bound appellant "to use his best efforts in asserting and establishing the right, title, interest and possession of the first parties in, of and to said land or lands."

We are of opinion that the powers of attorney must be construed as a whole in order to ascertain the intention of the parties and their respective rights, and that no isolated provision should, standing alone, govern the construction of the contracts.

It appears to us that appellant was thus employed to effect a recovery for these heirs within twelve months after the powers of attorney were executed, if he could do so without bringing a suit or suits, and that, if suits were found necessary, he was given twelve months in which to institute same, and, if such suits were not ended within such twelve months, he was to have his rights continued only so long as the suits brought by him were pending either in a trial court or an appellate court.

Appellant was obligated to take some definite action within the prescribed time in order that his rights might become fixed.

Proceeding under the express provisions of the powers of attorney, appellant employed counsel and instituted the three suits mentioned above.

These suits were settled by appellant, acting under the authority conferred upon him, and the monies received in such settlement were paid to the Berry heirs who were represented by him, and to appellant, as their respective interests appeared.

All of the rights in the lands in controversy were deeded by appellant as attorney in fact for the Berry heirs, represented by him, and by him individually, to one R. M. Rowland, who was a Trustee for the defendants in such suits and who are the appellees here, and Rowland conveyed the lands to Humble Oil & Refining Company on July 22, 1932, after the settlement was effected.

In addition to what has been detailed above, agreed judgments were entered in favor of the defendants in all suits, and appellant approved and agreed to the judgments, and executed a full receipt and release of all of his "right, title, claim and interest in and to the Berry claim" to Humble Oil & Refining Company upon receipt by him of his proportionate part of the monies received from the settlement. The receipt is dated February 13, 1932.

■ We hold that appellant was not given a present interest in the lands and claims thereunder by the powers of attorney but that he was required to act under the powers of attorney for the establishment of the rights of the Berry heirs and that he was and is only entitled to his proportionate part of whatever was recovered by and through his acts and efforts in their behalf.

He not only did not bring or cause to be brought, the suits out of which he predicates his right to recover, but these suits were brought by the Berry heirs two years after all suits instituted by appellant had been settled, and when no suit was pending in any court that was instituted by appellant, and such suits were brought in repudiation of the prior acts of appellant and for the purpose of setting aside all proceedings had and done at the instance of appellant.

■ On the other hand, if we concede for argument's sake that the powers of attorney conveyed a present interest to appellant, nevertheless, he cannot recover here because all such right, title and interest was expressly conveyed away by him and judgments were rendered under his direction and with his knowedge and express approval and consent, forever foreclosing his rights under the powers of attorney, all of which he surrendered in the settlement, and we know of no way in which he could reopen the matters and secure for himself any further or different relief or advantage except by and through a timely filed bill of review predicated on fraud, accident or mutual mistake.

This he has not attempted to do and he cannot recover herein.

All assignments of error are overruled and the judgment of the trial court is affirmed.