BAKER v. SKIPWORTH.

No. 15282.

Court of Civil Appeals of Texas.
Fort Worth.

Nov. 30, 1951.

Rehearing Denied Dec. 28, 1951.

Simon & Simon, of Fort Worth, for appellant.

Brewster, Pannell, Leeton & Dean, of Fort Worth, for appellee.

CULVER, Justice.

Appellant Paul E. Baker, a real estate broker, sued appellee J. T. Skipworth for real estate commission of $2,000, being 5% of the sale price which appellee received from the sale of his homestead. The trial judge, hearing the case without a jury, rendered judgment in favor of the appellee. The case is before us without any findings of fact and conclusions of law.

Appellant sued on a written contract, the pertinent portion being as follows: "I hereby authorize and appoint Paul E. Baker as my exclusive agent for 90 days from this date to sell my property described below for the sum of $70,000 or such sum more or less as I may hereafter accept, and I hereby agree to pay Paul E. Baker a cash commission of 5% of said purchase price." Before the expiration of the 90 days, appellee sold the property and appellant concedes that he was not the procuring cause of said sale and was in no way connected with it.

Appellant predicates his appeal upon six points which follow:

(1) "Baker, by advertising and by showing the property, performed his part of the listing contract and the same was not unilateral and without consideration.

(2) "The written contract did not violate the statute of frauds, Article 3995, nor the real estate dealers statute. Article 6573a [Vernon's Ann.Civ.St.]

(3) "Inasmuch as Skipworth joined by his wife sold and conveyed the property, the fact that it was homestead did not relieve Skipworth of liability for the broker's commission.

(4) "Baker having performed and being in the act of performance, the listing contract was not terminable by Skipworth.

(5) "The testimony of Skipworth and his wife that prior to and contemporaneous with the signing of the written listing agreement, they reserved the right to sell

to Anderton (denied by Baker) was inadmissible and of no probative force, being at variance with the terms of the written listing agreement."

(6) Appellant says in substance that, while the contract expressly recited that an "exclusive agency" was granted, nevertheless, inasmuch as the seller orally reserved the right to sell to a certain party and did in fact sell to that party, this indicated that the parties intended that an "exclusive right to sell" be conferred on the broker. Appellant complains that appellee did not plead or offer proof that the contract was, or was intended to be an "exclusive agency" as distinguished from an "exclusive right to sell."

█ A copy of the contract having been attached to plaintiff's petition, and it plainly granting an "exclusive agency to sell," we fail to see why it should have been necessary for appellee to plead specifically that the contract actually means what it purports to mean.

█ We are of the opinion that the disposition of this case is controlled by a well settled principle. A clear distinction is drawn between the appointment of a broker as an "exclusive agent to sell" and the granting to him the "exclusive right to sell." In the former contract, the owner does not surrender his own right to sell the property and in the event he does so, is under no obligation to pay a commission to the broker. In the latter case, the broker is entitled to his commission if owner makes sale during the life of the contract. This distinction seems to be valid, based on sound reasoning and is abundantly supported by the authorities. In fact we find no case asserting a contrary rule. This proposition is clearly expounded by Judge Speer in Lewis v. Smith, Tex.Civ.App., 198 S.W. 2d 598. In Dallas Electric Supply Co. v. Branum Co., 143 Tex. 366, 185 S.W.2d 427, 430, Judge Hickman, then Commissioner, quoted from 2 Amer.Jur.Agency, Section 307, "'A distinction has been made between an "exclusive agency" and an exclusive right to sell, the principal having a right to sell without the payment of compensation to the agent in the former case, but not in

the latter'." He also cites 3 C.J.S., Agency, § 179, and other Texas cases.

█ In the absence of any pleading or proof to the contrary, it must be presumed that the intention of the parties is as expressed plainly by the unambiguous terms of the contract.

The remaining points above mentioned, all of which merely negative the defenses urged by the appellee on the trial of the case, become immaterial and are overruled.

Believing that the trial court properly construed the contract and correctly applied the law, the judgment is hereby affirmed.