### FERREE v. DE ELY.

No. 14769.

Court of Civil Appeals of Texas.

Dallas.

March 5, 1954.

Phinney, Hallman, Reed & Holley, Dallas, for appellant.

Ed C. Stearns, Dallas, for appellee.

CRAMER, Justice.

This is an action by Baron De Ely against Joe Ferree to recover a real estate commission tried by the court below without a jury.

The written contract signed by the parties was as follows:

"Humble Filling Sta. Exclusive Sales Agency Contract. Dallas, Texas. Owner Joe Ferree. Phone PR4–9146. Address 8500 S Lancaster Ave. In consideration of the efforts made and to be made to effect a sale or lease by Baron De Ely, I hereby appoint said Baron De Ely my sole and exclusive agent to sell or lease the property described on the reverse side of this card, for the price and under the conditions herein described, or any less amount authorized in writing by me. I hereby agree to pay 5% commission on the sale or lease price. This authorization to remain in full force and effect for 30 days. I agree to furnish Owner's title policy to said property and make proper conveyance of same at my expense. I agree to aid you or anyone representing you in every way possible to foster a sale while this contract is in force. Price $20,000 to $25,000 Terms $5,000 plus Inventory cash, with balance payable If property is leased, Owner will give 3 yr. lease with 5 year option. Dated 5–17–52 Signed Joe Ferree (Owner)."

The description of the property involved was on the back of the above agreement.

It is undisputed that after the signing of the contract the station was leased by Joe Ferree to third parties, not obtained by De Ely or Weaver Realty Company with whom De Ely was connected at the time, unless it was a result of certain ads placed in the newspapers by Weaver Realty Company.

There is no direct evidence that the lease resulted from such ads; however after the sale Joe Ferree, by check dated May 23, 1952, paid Weaver Realty Company $8.90 as reimbursement for advertising costs; which check appears to have been paid by drawee bank July 5, 1952.

The trial court found in favor of De Ely, and Ferree has duly perfected this appeal and briefs three points of error, in substance; Error of the trial court (1) in holding, as a matter of law, that the contract signed by Ferree, Owner, with De Ely, Broker, gave De Ely the right to recover a commission from Ferree, if Ferree sold or leased the property to persons not procured by De Ely; in effect that Ferree had no right to sell or lease his own property without paying a commission under such listing; (2) in rendering judgment for $316 against him when De Ely did not produce nor procure a lessor therefor and admitted he was not the procuring cause of the lease; (3) in holding the evidence supported a finding that Ferree agreed to pay De Ely a 5% commission if Ferree sold or leased the property, because that theory is not supported by the written listing and is barred by the Texas Real Estate Commission Act, Vernon's Ann.Civ.St. art. 6573a, § 22, and the statute of frauds, Vernon's Ann. Civ.St. art. 3995.

Appellee by counter-points asserts that the trial court did not err (1) in holding, as a matter of law, that the contract signed by Ferree with De Ely gave De Ely the right to recover a commission from Ferree if Ferree "sold or leased said property of his own choice and procured through his own initiative, and that the contract expressly negatived appellant's right to sell or lease his own land." (2) In rendering judgment for appellee "when the appellee did not produce, nor has he ever produced a buyer, ready, able and willing to buy or lease the property, and who admitted he was not the procuring cause of the lease agreement." (3) In holding that a preponderance of the evidence supported, as a matter of law, the finding that appellant agreed to pay appellee a commission of 5% if appellant sold or leased to the pres-

ent lessees because said oral agreement, if any, is not supported by the preponderance of the evidence as a matter of law, and is in violation of the parol evidence rule, as well as the Texas Real Estate Commission Act and the statute of frauds.

We will consider all points and counter-points together.

The only question raised by the points and counter-points is whether there is sufficient evidence to support the trial court's judgment. The written listing hereinabove set out, as we construe it, constituted appellee De Ely the appellant Ferree's "sole and exclusive agent to sell or lease" the property involved here, and did not grant to De Ely the sole and exclusive right to sell or lease such property.

The evidence is sufficient to support the trial court's implied finding that the lease was executed by Ferree to parties who came direct to him and who were not procured by De Ely; and that there is no evidence in the record by any witness that those who leased the property at any time before the lease saw, talked to, or were led to go to the owner, directly or indirectly, by reason of information received, directly or indirectly, as a result of, or from, information contained in such newspaper ads.

Under the record here, De Ely has no claim to a commission since Ferree had the right to sell the property without incurring an obligation to pay (under the exclusive listing) a commission to De Ely. Lewis v. Smith, Tex.Civ.App., 198 S.W. 2d 598; Baker v. Skipworth, Tex.Civ.App., 244 S.W.2d 299 (writ ref.); Dallas Electric Supply Co. v. Branum Co., 143 Tex. 366, 185 S.W.2d 427, Tex.Civ.App., 185 S.W.2d 423; Mook v. Humble Oil & Refining Co., Tex.Civ.App., 182 S.W.2d 255 (error ref.); J. I. Case Threshing, Etc. v. Wright Hardware Co., 61 Tex.Civ.App. 481, 130 S.W. 729.

The Baker-Skipworth case is, so far as we can find, the last Texas case on this point, and settles the rule that in an "Exclusive Agency to Sell" listing, as here, the owner does not surrender his individual right to sell his property, which differs from the rule as to a contract granting an "Exclusive Right to Sell"; and in our opinion settles the question raised by the points and counter-points against appellee and in favor of appellant, and requires that we reverse the judgment of the trial court and here render judgment for Joe Ferree that Baron De Ely take nothing by this suit.

Reversed, and rendered for appellant.