JAS. F. NEECE V. A. A. A. REALTY COMPANY, INCORPORATED.

No. A-5994. Decided January 16, 1957.
Rehearing overruled March 6, 1957.
(299 S.W. 2d Series 270).

*Nelson, Montgomery, Robertson & Sellers* and *Lee Sellers,* all of Wichita Falls, for petitioner.

The Court of Civil Appeals erred in failing to hold that the listing contract between the parties did not give the respondent the exclusive right to sell the property. Said Court also erred in holding that respondent could recover under its listing contract without having sold the property. Park v. Swartz, 110 Texas 564, 222 S.W. 156; Lewis v. Smith, 198 S.W. 2d 598, writ of eror dismissed; Burratti & Montandon v. Tennant, 147 Texas 536, 218 S.W. 2d 842.

*House, Mercer & House* and *James D. Cunningham,* of San Antonio, for respondent.

On question of respondent's right of recovery under its listing contract respondents cite McFarland v. Lynch, 159 S.W. 303; Sanderson v. Sanderson, 130 Texas 257, 109 S.W. 2d 744.

MR. JUSTICE CULVER delivered the opinion of the Court.

In this suit A. A. A. Realty Company sought damages from the petitioner, Neece, for breach of an exclusive listing agreement. Summary judgment was granted in favor of the petitioner and upon appeal the Court of Civil Appeals reversed and remanded for trial. 292 S.W. 2d 811.

Petitioner asserts that the Court of Civil Appeals erred in holding; (1) that the third listing card executed by the petitioner did not alone constitute the contract between the parties; (2) in holding that the property listed with respondent by petitioner was sufficiently described to comply with the Real Estate Dealers' License Act; [Article 6573a, Vernon's Texas Civil Statute] (3) in failing to hold that the listing contract between the parties did not give the respondent the exclusive right to sell the property; (4) in holding that the respondent could re-

cover under its listing contract herein without having sold the property.

The application was granted upon the third and fourth points, as we regard the first and second points sufficiently discussed and correctly decided in the Court of Civil Appeals opinion.

■ The contention of petitioner is based, he says, upon the well established principle of law in our jurisdiction that there is a vital difference between a real estate brokerage contract giving the agent the exclusive right to sell and one making him an exclusive agent to sell.

The contract as set out on the listing card (see Court of Civil Appeals opinion for facsimile reproduction) read as follows:

"EXCLUSIVE LISTING CONTRACT.

"No. Days? Six months.

"I, (or we) agree to pay A. A. A. Realty Co. 7% of the sale price, (if they sell said property), and to protect them on their prospects or anyone that they are instrumental in property being sold to."

The term "exclusive listing agreement" does not import that there is granted to the agent the exclusive right to sell. If the property had been sold by the owner himself without the intervention of another broker, as was the case in Baker v. Skipworth, Texas Civ. App., 244 S.W. 2d 299 (wr. ref.), the trial court would have properly rendered summary judgment in favor of Neece. But in our case within six months after making the agreement with respondent, Neece sold the property through another broker. This fact brings the case within the rule laid down in Pickett v. Bishop, 148 Texas 207, 223 S.W. 2d 222. The facts in the Pickett case are almost identical with those presented here. There the owner appointed the broker his exclusive agent for a period of sixty days to sell the property. The broker advertised and showed the property and continued in his efforts to sell until the owner, before the end of the period, sold the property through another real estate agent. The suit was for damages on account of the alleged breach of contract. The Court said in the Pickett case that proof of these allegations would "prima facie" make a case for the broker. See also Park v. Swartz, 110 Texas 564, 222 S.W. 156.

■ Petitioner sums up by saying "respondent could recover only if it had the exclusive right to sell the property." In Pickett and in Park the law is to the contrary. Petitioner cites the following cases, none of which support his proposition. In Lewis v. Smith, Texas Civ. App., 198 S.W. 2d 598, the owner granted the exclusive right to sell and the broker was allowed recovery for breach of contract. The holding in Holmes v. Holik, Texas Civ. App., 238 S.W. 2d 260 is to the same effect. Ferree v. De Ely, Texas Civ. App., 265 S.W. 2d 860 followed Baker v. Skipworth in allowing no recovery on an exclusive agency contract holding that the owner did not surrender his individual right to sell or lease his property during the life of that contract.

It cannot be said as a matter of law that petitioner, Neece, did not by his written contract confer upon respondents, Realty Company, an exclusive agency to sell the property in question.

The Court of Civil Appeals correctly reversed and remanded this case for trial upon the merits and its judgment is therefore affirmed.

Associate Justice Norvell not sitting.

Opinion delivered January 16, 1957.

Rehearing overruled March 6, 1957.

### ON MOTION FOR REHEARING

MR. JUSTICE CULVER delivered the opinion of the Court.

Petitioner urges that we failed to pass expressly upon his contention that respondent could not have had an exclusive agency to sell the property because it had been previously listed with another agent.

Petitioner based his motion for summary judgment on three grounds: (1) the contract failed to identify the land or furnish the means by which it might be identified so as to comply with our Real Estate Dealers License Act, [Article 6573a, Sec. 28]; (2) the agreement failed to give the respondent-plaintiff the exclusive right to sell the property; (3) that the agreement reveals on its face that the plaintiff would become entitled to a commission only in the event it was the producing cause of the sale.

By pleading and affidavit respondent admitted that at the time of the execution of the agreement the petitioner made known to respondent that he had previously given to another an exclusive agency contract for the sale of the property, but that he felt sure that listing had expired. While fact issues associated with this admission may arise upon the trial of this case, it cannot be said of itself as a matter of law to negative respondent's claim of an exclusive agency. Petitioner's argument seems to be that the agreement with respondent did not constitute an exclusive agency because the petitioner had already listed the property exclusively with another agent. While in a sense this might be correct, it would not necessarily prevent recovery by respondent, if the parties had entered into that kind of agreement. It is to be remembered that the only ultimate issue presented here is the correctness of the summary judgment granted to petitioner by the trial court.

The motion for rehearing is overruled.

Opinion delivered March 6, 1957.