Homier NEWMAN, d/b/a Newman Investment Company, Appellant,

v.

Leslie Ligon McCLURE, Appellee.

No. 17142.

Court of Civil Appeals of Texas, Fort Worth.

Oct. 30, 1970.

Tillman & Darwin, and Norman Darwin, Fort Worth, for appellant.

Cantey, Hanger, Gooch, Cravens & Munn, and Richard L. Griffith, Fort Worth, for appellee.

## OPINION

LANGDON, Justice.

This is a contest between two real estate brokers over a commission in the sum of $1,372.42 which was paid into the registry of the court in an interpleader action.

The case was tried to the court without a jury. No findings of fact and conclusions of law were requested or made.

In appealing from the judgment entered against him the appellant asserts error on the part of the court for the reasons that: (1) it is undisputed that appellee's listing contract had expired and that no exceptions to the expiration thereof were complied with, and (2) that appellant had an exclu-sive listing contract which was in full force and effect at the time the property was sold.

We affirm.

At all times relevant hereto the appellee was a licensed member of the Texas and the Fort Worth Boards of Realtors and a member of the Fort Worth Multiple Listing Service (MLS) which entitled her and all other members to render broker services upon property under otherwise exclusive listings of fellow members. The member with the exclusive listing is known as the "seller's agent." The member of MLS with a prospective purchaser is known as a "co-operating broker." When a sale is consummated between the seller and the purchaser, the two member realtors equally divide the commission due by virtue of such sale.

On the 4th day of August, 1967, appellee entered into an exclusive listing contract with Harry and Georgia Ward to sell the premises known as 2109 Indian Creek Drive, Fort Worth, Tarrant County, Texas. Under the terms of such contract, appellee was granted the exclusive right, without reservation, for a period of 180 days from date of execution to sell the property. Further, in the event the property was sold by the owner, acting as his own agent within 90 days after the expiration of such 180 day period, to a party whose attention was called to the property by appellee or any cooperating real estate broker during such original 180 day period, appellee was entitled to the commission thereon.

Mrs. Billie Gregory of William A. Colley and Co., a member of MLS, represented the ultimate purchasers of the Indian Creek property, Dr. and Mrs. Harold Hopkins, in her capacity as cooperating broker. She first called the attention of Dr. and Mrs. Hopkins to the Indian Creek property in December, 1967. She never dealt with any realtor concerning the property other than appellee.

Dr. and Mrs. Hopkins, acting by and through their agent, Billie Gregory, made a

total of three separate offers to purchase the Indian Creek property on February 20 and 21 and March 18, 1968. The sale was consummated on March 21, 1968, when the Wards accepted the last of the three offers.

Without the knowledge of appellee, the Wards executed a purported "exclusive listing agreement" with appellant on the 14th or 15th of March, 1968. Appellant, however, was aware that appellee had a previous listing on the Indian Creek property and of the possibility that an ultimate buyer of the property might be one whose attention was called to the property during the tenure of appellee's listing.

The property was sold by Harry and Georgia Ward to Dr. and Mrs. Harold Hopkins on March 21, 1968.

The original 180 day period of appellee's contract expired on or about February 4, 1968. The following 90 day period did not expire until on or about May 4, 1968, after the property was sold to Dr. and Mrs. Hopkins on March 21, 1968. Admittedly, the property was not sold during the original 180 day period. It is undisputed that within the contract terms, the attention of Dr. and Mrs. Hopkins (the ultimate purchasers) was called to the property by the cooperating broker in December, 1967, a time within such original 180 day period. The appellant's purported listing was not executed by the Wards until March 14 or 15, 1968. Neither the appellant nor his agent had anything whatsoever to do with the sale to Dr. and Mrs. Hopkins. Billie Gregory, the representative of W. A. Colley and Co., represented Dr. and Mrs. Hopkins in the transaction. Mrs. Gregory's entire right to a commission for sale of the property rested in the Board of Realtor rules and the MLS rules.

The Wards, as owners and sellers, were not represented by appellant in the sale, nor were they represented by Mrs. Gregory. The sellers, under the terms of the contract, acted as their "own agent" in selling within 90 days after the expiration of the exclusive listing period of appellee.

The only other requirement of appellee's contract is that the owner have actual knowledge that the party to whom he sells was one whose attention was called to the property during the exclusive listing period. Harry Ward testified that he knew that the ultimate buyers had been shown the property during the life of appellee's listing. Thus, the provisions of the written contract of appellee have been fully satisfied insofar as establishing her right to a commission for such sale.

Under appellee's uniform listing, the appellee is granted an exclusive right to sell and is entitled to a commission if (1) she procures a purchaser; or (2) if a cooperating broker procures a purchaser; and (3) if the property is sold by " * * * any other person including Owner * * *." The appellant, under his contract with the Wards, is entitled to a commission under his original listing period only if he procures a purchaser. His contract contains no provision for the advent of a cooperating broker's sale or the owner selling the property himself during the original listing period.

The appellant's contract is controlled by the rule in Baker v. Skipworth, 244 S.W.2d 299 (Fort Worth Tex.Civ.App., 1951, writ ref.). There the listing contract did not provide that the owner had no right to sell during the listing period. The owner did sell the property himself and the agent sued for his commission. There it was stipulated that such broker was not the procuring cause of the sale and was in no way connected with it. The court held that since the agent only possessed an "exclusive agency to sell," in contradistinction to an "exclusive right to sell," the owner did not surrender his own right to sell the property and if he does sell the property himself he is under no obligation to the broker.

In the case at bar the Wards sold the property themselves without the aid of appellant and the latter has no basis for complaint because of the sale by the Wards.

Billie Gregory of W. A. Colley and Co. was paid for her one-half commission with-

out objection from appellant and the remaining one-half was deposited with the escrow agent, Commercial Standard Title Company.

The appellee by various counterpoints questioned the validity of the appellant's contract with the Wards. We are not required to pass upon these matters.

In our opinion the appellee, under her contract with the Wards, is entitled to the commission and the appellant, under his contract, is not. Had the appellant's contract with the Wards constituted an "exclusive right to sell" rather than "an exclusive agency to sell" it would not defeat the appellee's right to collect the commission under her contract. Under such circumstances it would appear that the Wards would have been liable for two commissions rather than one. Pickett v. Bishop, 148 Tex. 207, 223 S.W.2d 222 (1949); Neece v. A. A. A. Realty Company, 156 Tex. 614, 299 S.W.2d 270 (1957). In this case the Wards, owners of the property in question, were not made parties to the suit.

All points of error are overruled. The judgment is affirmed.